(June 10, 1998)

■ In the Matter of CHARLES SWAN, III, an Attorney and Counselor-at-Law. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; CHARLES SWAN, III, Respondent. [673 NYS2d 336] —Per Curiam. Respondent was admitted to practice by this Court in 1943. He maintains an office for the practice of law in Elmira, Chemung County.

Respondent has tendered his resignation from the Bar in compliance with this Court's rules (22 NYCRR 806.8). Petitioner, the Committee on Professional Standards, does not object to acceptance of the resignation.

Respondent admits diverting substantial sums from three estates in an unsuccessful attempt to prevent the business failure of a shopping center and restaurant that he owned. It appears that respondent has since made the estates whole and just one of the estates has two extant debts. Respondent has sufficient funds in his trust account to cover the debts.

We accept respondent's resignation and order his disbarment (*see*, 22 NYCRR 806.8 [b]).

We further direct respondent to cooperate with petitioner in the prompt formulation of an appropriate restitution order or orders, to the extent petitioner deems such orders necessary, which petitioner shall submit for entry pursuant to Judiciary Law § 90 (6-a) (e) (*see, e.g., Matter of Poersch*, 225 AD2d 1018).

Mercure, J. P., White, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that respondent's resignation application, submitted pursuant to 22 NYCRR 806.8, is accepted; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys of the State of New York effective immediately; and is further ordered that respondent is directed to cooperate with petitioner in the prompt formulation of an appropriate restitution order or orders which petitioner shall submit for entry pursuant to Judiciary Law 90 § (6-a) (e); and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission, or other public authority or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys.