(January 24, 2000)

■ In the Matter of THOMAS C. NICOTERA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [702 NYS2d 425] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Fourth Department, in 1984, and has maintained an office for the practice of law in Albany.

In compliance with this Court's rule (22 NYCRR 806.8), respondent submits his resignation from the Bar. Petitioner, the Committee on Professional Standards, advises it has no objection to the application. In his supporting affidavit, respondent admits that, since the beginning of 1995, he commingled funds

he received as fees for clients by depositing same into his escrow account; that numerous checks drawn on his escrow account were not written on behalf of a client and may have constituted conversion of client funds; and that he wrote numerous checks to numerous payees who were not clients. Although he believes the funds against which the checks were written constituted earned legal fees, he is unable to substantiate which checks were written against which fees. Respondent also admits violations of the recordkeeping requirements applicable to escrow accounts and the maintenance of client funds (see, Code of Professional Responsibility DR 9-102 [22 NYCRR 1200.46]); neglect of client matters; failure to cooperate with petitioner; failure to comply with the attorney registration requirements (Judiciary Law § 468-a; 22 NYCRR part 118); and, in domestic relations matters, failure to use written retainer agreements and the Statement of Client's Rights and Responsibilities and to periodically bill clients (see, 22 NYCRR 1400.2, 1400.3).

We accept respondent's resignation and order his disbarment, as required by the Court's rules (see, 22 NYCRR 806.8 [b]).

We further direct respondent to cooperate with petitioner in the formulation of an appropriate restitution order or orders, to the extent petitioner deems such orders necessary, which petitioner shall submit for entry (see, Judiciary Law § 90 [6-a] [e]; see, e.g., Matter of Swan, 251 AD2d 745).

Crew, J. P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that respondent's resignation application, submitted pursuant to and in compliance with 22 NYCRR 806.8, is accepted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys of the State of New York, effective immediately; and it is further ordered that respondent is directed to cooperate with petitioner in the formulation of an appropriate restitution order or orders, to the extent petitioner deems such orders necessary, which petitioner shall submit for entry; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rule

(22 NYCRR 806.9) regulating the conduct of disbarred attorneys.