UNITED STATES of America,
Appellee,

v.

Rod M. SHARPLEY, Defendant–
Appellant.

Docket No. 04–2934–CR, 04–2935–CR.

United States Court of Appeals,
Second Circuit.

Argued: Feb. 3, 2005.

Decided: Feb. 16, 2005.

James E. Long, Albany, NY, for Defendant–Appellant.

Robert P. Storch, Senior Litigation Counsel, Glen T. Suddaby, United States Attorney for the Northern District of New York, Thomas Spina, Jr., Assistant United States Attorney, for Appellee.

Before: WINTER and POOLER, Circuit Judges, and BRIEANT, District Judge.*

POOLER, Circuit Judge.

Defendant-appellant Rod Sharpley pleaded guilty to two counts of sexual exploitation of a child for production of visual material in violation of 18 U.S.C. § 2251 and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] In his plea agreement, Sharpley reserved the right to appeal two issues: 1) whether the enactment of the statute governing the child pornography counts, 18 U.S.C. § 2251, was an invalid exercise of congressional power under the Commerce Clause of the federal Constitution, and 2) whether the previous state conviction underlying the felon-in-possession count was invalid. On appeal, Sharpley further argues that his sentence is invalid under *Blakely v. Washington*, — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We hold that 1) under *United States v. Holston*, 343 F.3d 83 (2d Cir. 2003), Section 2251 does not violate the Commerce Clause; 2) under *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), we are without power to address the validity of Sharpley's prior conviction; and 3) because Sharpley was sentenced at the statutory mandatory minimum and the government has not requested resentencing, this is the rare case where use of a mandatory Guidelines scheme is harmless error even under *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Crosby*, 397 F.3d 103, (2d Cir. Feb 2, 2005).

## BACKGROUND

The facts underlying the conviction are taken from Sharpley's plea agreement. Some time before July 13, 2002, Sharpley took pictures of himself having sex with a boy between eleven and fifteen years old. In July 2002, he attempted to convince a woman to allow him to plant a video camera to film her thirteen-year old daughter and her daughter's friends changing into bathing suits, and to allow him to film himself having sex with the daughter. They made logistical arrangements, including that the girls should arrive in normal clothes so that they would have to change, and that Sharpley would bring condoms and wine coolers. On July 13, 2002, Sharpley brought a video camera to the woman's home, hid it in a bedroom, and was then arrested. A search of Sharpley's home resulted in the seizure of 400 images of minors having sex, and three rifles and two shotguns. The cameras used by Sharpley and the guns were all manufactured outside of New York.

Sharpley had previously been convicted of first degree sexual abuse under New York Penal Law § 130.65, a felony. In

---

* The Honorable Charles L. Brieant, of the United States District Court for the Southern District of New York, sitting by designation.

1. All citations to the United States Code are to the statutes effective in 2002, the time of Sharpley's criminal conduct.

that proceeding, Sharpley was represented by Thomas Nicotera, an assistant public defender in Rensselaer County.[2] According to Sharpley, during the course of this representation, the public defender of Rensselaer County, Louis Catone, was elected the district attorney of Rensselaer County and then prosecuted Sharpley through assistant district attorney Catherine Paul. Sharpley also claims that Catone appeared in court once on his behalf.

In the instant case, Sharpley pleaded guilty to two counts of sexual exploitation to produce child pornography in violation of 18 U.S.C. § 2251(a), and to one count of possession of a gun by a felon in violation of 18 U.S.C. § 922(g)(1). On May 12, 2004, he was sentenced to 15 years imprisonment and five years supervised release for each child pornography conviction, the mandatory minimum under 18 U.S.C. § 2251(d), and to ten years imprisonment and three years supervised release for the gun possession charge, the statutory maximum under 18 U.S.C. § 924. All terms are to run concurrently.

In his plea agreement, Sharpley waived all appeals and collateral attacks on his conviction and any sentence of fifteen years or less, except that he reserved the right to appeal the issue of whether his conviction under Section 2251 violates the Commerce Clause of the federal Constitution, and the validity of his prior state conviction. Sharpley now appeals these issues, as well as the validity of his sentence under *Blakely*.

## DISCUSSION

### I. Commerce Clause

■ Sharpley first argues that Section 2251 is unconstitutional on its face and as applied to him. Section 2251 permits a conviction based on production of child pornography using materials that have traveled in interstate commerce. He argues that because the pornography was produced intrastate and intended solely for home, personal use, the "materials-in-commerce" test of Section 2251 is insufficient to make his activities subject to federal regulation under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3. While he recognizes that we have previously rejected this argument, *United States v. Holston*, 343 F.3d 83, 90 (2d Cir.2003), Sharpley argues that *Blakely* requires that every fact relevant to sentencing be proven to a jury beyond a reasonable doubt, and that the prosecution must therefore prove to a jury beyond a reasonable doubt that the materials-in-commerce test establishes a nexus to interstate commerce in each case that it brings.

This argument is entirely without merit. First, the *Blakely* rule, which actually requires that every fact that increases a penalty beyond the statutory maximum must be proven to a jury beyond a reasonable doubt, is contained in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which was decided before *Holston*. Second, the rule applies only to facts. *Blakely*, —— U.S. at ——, 124 S.Ct. at 2536. Certainly the prosecution must prove to a jury, in every case, that the materials used did in fact travel in interstate commerce, or establish an alternative jurisdictional predicate. But this is a far cry from proving in every case the legal contention that satisfaction of the materials-in-commerce test is sufficient to satisfy the Commerce Clause. That question has already been settled by this court, and Sharpley gives no compelling reason to revisit it. *See Veltri v. Building Serv. 32B–J Pension Fund*, 393

---

2. Nicotera has since been disbarred for unrelated commingling of client funds and his own funds. *In re Nicotera*, 268 A.D.2d 881, 702 N.Y.S.2d 425, 426 (3d Dep't 2000).

F.3d 318 (2d Cir.2004) ("[O]ne panel of this Court cannot overrule a prior decision of another panel unless there has been an intervening Supreme Court decision that casts doubt on our controlling precedent.") (internal quotations omitted).

## II. Prior Conviction

■ Sharpley next argues that his prior state felony conviction for sexual abuse was unconstitutionally imposed, so that the factual predicate for his felon-in-possession conviction fails and a different mandatory minimum sentence for his child pornography conviction applies. To the extent that Sharpley seeks to collaterally attack his prior conviction as part of the proceedings for his felon-in-possession conviction, this attack is wholly barred by *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). In *Lewis*, the Supreme Court held that a prior state conviction obtained where defendant had been wholly deprived of counsel could form the predicate for a felon-in-possession conviction. *Id.* at 56, 65, 100 S.Ct. 915. While the defendant in *Lewis* was convicted under a different statute than Sharpley, the reasoning of *Lewis* regarding the use of the unrestricted word "conviction" applies with equal force here. *Id.* at 61–62, 100 S.Ct. 915.

■ To the extent that Sharpley attacks his prior conviction as part of his sentencing proceedings, he can do so only if the prior conviction is constitutionally infirm under the standards of *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). *See Custis*, 511 U.S. at 491–92, 496–97, 114 S.Ct. 1732 (holding that where a sentence was enhanced under 18 U.S.C. § 924(e) for prior convictions, absent statutory language authorizing collateral attacks, defendant could not challenge prior conviction except for *Gideon* error). *Gideon*, in turn, establishes that criminal defendants in state court have the right to counsel, and that the state must accordingly provide counsel for indigent defendants. 372 U.S. at 344, 83 S.Ct. 792. The conduct that Sharpley has identified, i.e., that an attorney with some personal involvement in his defense later became personally involved in his prosecution, certainly states a conflict of interest and a possible claim for ineffective assistance of counsel. However, because Sharpley was primarily represented by the same, non-conflicted attorney throughout the state conviction proceedings, he has not demonstrated an actual deprivation of counsel as required by *Gideon*. He therefore cannot challenge his prior felony conviction here. We note that if Sharpley successfully vacates his prior conviction through state or federal collateral challenges, he may also seek to have his present sentence reopened, although success in that endeavor is not guaranteed. *Custis*, 511 U.S. at 497, 114 S.Ct. 1732.

## III. Sentencing Issues

■ Sharpley argues on appeal that his sentence, which relied on the United States Sentencing Guidelines ("Guidelines") was incorrectly imposed under the reasoning of *Blakely*. Since his appeal, *Booker* has explicitly applied *Blakely* to the Guidelines. —— U.S. at ——–——, 125 S.Ct. at 749–50. However, in his plea agreement, Sharpley waived his right to appeal any sentence of 180 months or less. We note in passing that at least Sharpley's challenge to those sentencing enhancements based on his prior conviction are necessarily implicated by his challenge to the validity of that conviction. Regardless, we need not decide whether Sharpley's waiver of his appeal rights, or such waivers generally, preclude any consideration of sentencing issues arising under *Blakely* or *Booker*. We express no opinion on this

issue because even if we were to consider the waiver ineffective, this is the rare case where we can determine without remand that the district court's use of the Guidelines as a mandatory regime was harmless error.

To determine whether this was the case, we requested letter briefs from the parties as to whether they would seek resentencing under *Booker*, in the event that Sharpley's primary arguments failed. Sharpley answered in the affirmative, citing numerous additional enhancements that he would like to challenge. The government answered in the negative.

*Booker* makes the Guidelines advisory in nature, leaving sentences to the district court's discretion, guided by the Guidelines and the other factors of § 3553(a), and bounded by any applicable statutory minimum and maximum.[3] *Id.* at 764–65. However, Sharpley's sentencing range under the Guidelines was calculated as 108 to 135 months.[4] On the other hand, Section

2251(d) sets a mandatory minimum sentence of fifteen years (180 months) where a defendant has a previous state conviction for sexual exploitation of children. The guideline sentence was set to 180 months in accordance with this statutory mandatory minimum. U.S.S.G. § 5G1.1(b). Thus, any reduction in the calculated Guidelines range could not reduce Sharpley's actual sentence. This is a prototypical example of harmless error. Sharpley cannot obtain any improvement in his sentence in resentencing, and we therefore see no reason to remand to the district court.

We note that the analysis would be quite different if we were to consider the government's interests. Were a district court to sentence Sharpley today, it would be bound to consider the Guidelines range of 180 months and all other factors in Section 3553. *Crosby*, 397 F.3d 103, 111–13, 2005 WL 240916, at *5–7. Its sentence would have to be reasonable in light of these factors, but could conceivably be anything

---

3. *Booker* excises 18 U.S.C. § 3553(b)(1) from the Sentencing Reform Act, which makes the Guidelines generally binding on courts, but does not excise 18 U.S.C. § 3553(b)(2), which makes the Guidelines binding in sentencing for convictions for certain child crimes and sexual offenses, including violations of Section 2251. *Booker*, —— U.S. at ——, 125 S.Ct. at 756. Subsection (b)(2) could arguably be read to independently require a court to follow the Guidelines in convictions under Section 2251. However, we see no unique feature of Guidelines sentences for child crimes and sexual offenses that would prevent them from violating the Sixth Amendment in the same manner as Guidelines sentences for other crimes. *See generally Booker*, —— U.S. at ——–——, 125 S.Ct. at 750–51 (referring to the Sixth Amendment problems arising from the mandatory language of Section 3553(b), without specifying either of its subsections). For this reason, we suspect that the Supreme Court's failure to excise the entirety of Section 3553(b) was simply an oversight. Nonetheless, because any error in using a mandatory Guidelines scheme was harmless here,

we reserve this issue for a case where it is necessary for decision and the parties have had a full opportunity to develop arguments on both sides.

4. The Guidelines range for the child pornography convictions was calculated starting with a base offense level of 27. U.S.S.G. § 2G2.1(a). The offense level was then increased two levels because the victim was between twelve and sixteen, § 2G2.1(b)(1), two levels because Sharpley was the parent of a victim, § 2G2.1(b)(2), and two levels because there were multiple victims, § 2G2.1(c), for an adjusted offense level of 33. Sharpley admitted these facts, except that he was the parent of a victim, in his plea agreement. The offense level was then reduced two levels for acceptance of responsibility, § 3E1.1(a), and an additional level for a timely plea, § 3E1.1(b), for a final offense level of 30. Based on convictions for sexual abuse and driving while intoxicated, Sharpley was assigned two criminal history points for a criminal history category of IL U.S.S.G. Sentencing Table, Ch. 5, pt. A.

between the statutory minimum of fifteen years and the statutory maximum of thirty years. *See id.,* 397 F.3d 103, 117, 2005 WL 240916 at *10, 18 U.S.C. § 2251(d). As a result, the district court's understandable error in using a mandatory Guidelines scheme was not necessarily harmless as to the government. But here, the government has not appealed or cross-appealed Sharpley's sentence, and did not request resentencing in response to our invitation to do so.[5] As a result, there is no reason for remand.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

---

**5.** We express no opinion as to whether such a request would have been sufficient to permit or require us to analyze the government's interests in the absence of any appeal or cross-appeal by the government.