**UNITED STATES of America,**
**Appellee,**

v.

**Vernon FORBES, Defendant–**
**Appellant.**

No. 03–1597.

United States Court of Appeals,
Second Circuit.

March 1, 2005.

Joseph S. Damelio, Rochester, NY, for Appellant.

Douglas E. Gregory, Assistant United States Attorney (Michael A. Battle, United States Attorney for the Western District of New York), Rochester, NY, for Appellee, of counsel.

PRESENT: Hon. JAMES L. OAKES, Hon. AMALYA L. KEARSE, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Vernon Forbes appeals his conviction for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D), and possession of a firearm in furtherance of a federal drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Forbes claims there is insufficient evidence to sustain his conviction on either count. In addition, Forbes challenges his sentence in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

"We review a claim of insufficient evidence *de novo.*" *United States v. Jackson*, 301 F.3d 59, 64 (2d Cir.2002). "A defendant challenging his conviction on sufficiency grounds faces a 'heavy burden.'" *United States v. Bala*, 236 F.3d 87, 93 (2d Cir.2000) (quoting *United States v. Matthews*, 20 F.3d 538, 548 (2d Cir.1994)). This is because the Court must "review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir.2004). We reverse "only if no rational factfinder could have found the crimes charged proved beyond a reasonable doubt." *Id.* at 459–60.

■ With respect to Forbes's conviction for possession with intent to distribute marijuana, there was sufficient evidence in the record from which a rational factfinder could infer that Forbes possessed the marijuana and intended to distribute it. The record included evidence that the drugs were found in a bedroom closet and circumstantial evidence supporting an inference that Forbes lived in the apartment in question. This evidence is sufficient to support a rational inference that Forbes possessed the marijuana. *See United States v. Gordils,* 982 F.2d 64, 71–72 (2d Cir.1992). Further, the record included recordings of intercepted phone calls and the testimony of a cooperating witness, explaining the terms used in the recorded conversations, as well as testimony that packaging materials consistent with distributing marijuana were found in the apartment. This evidence was sufficient to support a rational inference that Forbes intended to distribute the marijuana. Forbes's challenge to the sufficiency of the evidence underlying his conviction for possession with intent to distribute therefore fails.

■ As to Forbes's section 924(c) conviction, there was sufficient circumstantial evidence to support the verdict on this count. In *United States v. Finley,* 245 F.3d 199, 203 (2d Cir.2001), we concluded that the possession of a firearm was "in furtherance of" a drug trafficking crime within the meaning of section 924(c) if there was "some nexus between the firearm and the drug selling operation." Upon arresting Finley, officers had located a shotgun under a pile of clothes in the kitchen. *Id.* at 202. We concluded that there was sufficient evidence to support an inference that "Finley kept the shotgun for protection in proximity to the window from which he sold the drugs," thus establishing the requisite nexus. *Id.* at 203. Similarly here, evidence that Forbes kept the gun in a pocket of a coat owned by him and near drugs that he intended to distribute is sufficient to support the inference that Forbes possessed the gun to protect or aid his drug trafficking activities. Such protection or aid meets the nexus required to prove the "in furtherance of" element of the section 924(c) charge. *Id.* Forbes's sufficiency challenge therefore fails.

At oral argument, Forbes's attorney indicated that Forbes sought a remand for consideration of resentencing, pursuant to *Booker* and *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). Forbes was sentenced to a mandatory minimum term of five years on his section 924(c) conviction. We therefore do not remand with respect to that portion of his sentence. *United States v. Sharpley,* 399 F.3d 123, 125 (2d Cir.2005). As to his sentence for possession with intent to distribute marijuana, we remand to the district court for proceedings pursuant to *Crosby.* We note that should Forbes determine upon remand that for whatever reason, including the possibility that he might expose himself to a higher sentence, he does not in fact seek resentencing, he may so inform the court. *See Crosby,* at 119.

For the foregoing reasons, the judgment of conviction is hereby AFFIRMED. We REMAND Forbes's sentence with respect to his conviction for possession with intent to distribute marijuana for consideration of whether to resentence pursuant to *Crosby;* we AFFIRM his sentence for possession of a firearm in furtherance of a drug trafficking crime.