**UNITED STATES of America,**
**Appellee,**

v.

**Edward MAGGIORE, Defendant–**
**Appellant.**

No. 04–2767.

United States Court of Appeals,
Second Circuit.

March 7, 2005.

Barbara D. Underwood, Assistant United States Attorney, for Roslynn Mauskopf, United States Attorney for the Eastern District of New York (Pamela K. Chen, Assistant United States Attorney, on the brief), for Appellee.

Herald Price Fahringer, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLP, New York, N.Y. (Gerald J. Dichiara, Law Office of Gerald J. DiChiara, and Erica T. Dubno, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLP), for Defendant–Appellant, of counsel.

PRESENT: JACOBS, CALABRESI, and POOLER, Circuit Judges.

## SUMMARY ORDER

■ Edward Maggiore appeals from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*) on May 13, 2004. Based on his plea of guilty, Maggiore was convicted of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and sentenced to life imprisonment. We assume that the parties are familiar with the facts, the procedural context, and the specification of the issues on appeal.

Maggiore alleges that the government acted in bad faith by withdrawing its motion pursuant to U.S.S.G. § 5K1.1. However, despite Maggiore's substantial assistance to the government, the government had reason to do so. Maggiore's plea agreement expressly states that "[s]hould it be judged by the Office that the defendant has failed to cooperate fully, [or] has intentionally given false, misleading or incomplete information ... this Office will be released from its obligations under this agreement, including ... to file the [5K1] motion." The government conducted an extensive, six-month investigation as to Maggiore's compliance with his plea agreement, and concluded that he had lied concerning (at least) who took the gun out of the trunk and the role of Albert Alvarado in the killing. Here, "the explicit terms of [the] cooperation agreement leave the acceptance of the defendant's performance to the judgment of the prosecutor," therefore "the prosecutor may reject the defendant's performance provided he or she is honestly dissatisfied." *United States v. Rexach,* 896 F.2d 710, 713 (2d Cir.1990).

Maggiore does not deny that there were breaches by him of the plea agreement, but he contends that the government's decision to act on those breaches was in bad faith. He argues, first, that the government acted at the direction of the district court, and, second, that the government's decision to withdraw his 5K1 letter while retaining it for another cooperating witness, Robert Alvarado, was done without a good faith justification. Both of these assertions are unavailing.

As to the first, the government did not simply act at the court's behest, but only

after a full investigation. Additionally, the government maintained its position—in opposition to the court—that Angel D'Angelo was the shooter, and, as already stated, did not withdraw its 5K1 motion as to Robert Alvarado, notwithstanding the district court's expressed belief that he, too, was lying. Second, despite Maggiore's claim of wrongful disparate treatment of him as compared to Robert Alvarado, the government has proffered justifications for its decisions, and there is no reason to think that these justifications were not what motivated the government. The contrast between Maggiore's reactions when faced with his lies and the reaction of Robert Alvarado, by itself, supported different treatment of the two. *Cf. United States v. Fernandez,* 127 F.3d 277, 286 (2d Cir.1997); *United States v. Brechner,* 99 F.3d 96, 99–100 (2d Cir.1996). Moreover, as the court itself noted when it granted the other witness a downward departure, the age, participation, etc. of Robert Alvarado and Maggiore were significantly dissimilar. Therefore, there is no showing of bad faith on the part of the gvernment. *See United States v. Khan,* 920 F.2d 1100, 1105–06 (2d Cir.1990). In any event, the district court made abundantly clear that it would not grant a sentencing departure no matter what the government did.

■ Maggiore further asserts that the district court should have recused itself because of its strong opinions as to Maggiore's lack of truthfulness. But the court's view was "formed by the judge on the basis of facts introduced or events occurring in the course of the ... proceedings" and therefore does "not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). The district court

judge did not abuse his discretion by declining to recuse himself on the basis of opinions he had formed over the course of the proceedings surrounding this shooting. *United States v. Conte,* 99 F.3d 60, 65 (2d Cir.1996).

Maggiore makes an assortment of other related claims as well: (a) that he was wrongly denied the assistance of counsel at an interview during the Government's perjury investigation; (b) that the district court wrongly deprived him of a good faith hearing in connection with the Government's withdrawal of the 5K1 letter; and (c) that the use of jailhouse informants' statements to the Government without an opportunity for cross examination violated the Confrontation Clause as interpreted in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). But (a) he expressly waived, in his cooperation agreement, the assistance of counsel at such an interview, (b) the oral argument held at sentencing gave Maggiore all he was entitled to by way of a hearing, and (c) because the introduction of the jailhouse informant's statements was in part not for their truth, and, insofar as they were used for their truth, were unnecessary to establish Maggiore's breach, Maggiore's *Crawford* claim fails.

■ Maggiore also argues that his sentence violated his Sixth Amendment right to a jury determination of facts that affect his sentence. However, under 18 U.S.C. § 1959(1), a conviction of murder in aid of racketeering carries a mandatory sentence of life imprisonment. Thus, although the district court's factual findings resulted in a Guidelines sentence higher than what Maggiore would have received on the basis of the facts to which he allocuted at his plea, because that sentence is identical to what, pursuant to the statutory mandatory minimum, the district court would otherwise have been required to impose, any

error is harmless. *See United States v. Sharpley,* 399 F.3d 123, 124 (2d Cir.2005).

We have considered all of Maggiore's claims and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.