**UNITED STATES of America,**
**Appellee,**

v.

**Leon F. HENRY, Defendant–Appellant.**

**Docket No. 03–1230–CR.**

United States Court of Appeals,
Second Circuit.

Oct. 3, 2005.

Leon F. Henry, for Appellant, pro se.

Elizabeth S. Riker, Assistant United States Attorney, Northern District of New York (Glenn T. Suddaby, United States Attorney, John M. Katko, Assistant United States Attorney, on the brief), for Appellee.

PRESENT: WINTER, SOTOMAYOR, and WESLEY, Circuit Judges.

### SUMMARY ORDER

Leon F. Henry, *pro se,* appeals from a judgment of the United States District Court for the Northern District of New York. Following his conviction by a jury for possession of, and conspiracy to possess, cocaine and crack cocaine with intent to distribute, Henry was sentenced principally to 240 months imprisonment. We assume the parties' familiarity with the facts in this case, its relevant procedural history, and issues on appeal.

■ Henry's principal claim, raised in his counseled appellate brief, is that the evidence adduced at his trial was insufficient to support his convictions for conspiracy and for distributing or possessing with intent to distribute crack cocaine on April 8 and 9, 2002. For the reasons discussed in the summary order issued in the related case of Henry's co-defendant, *United States v. Powell,* docketed under numbers 04–0619–cr (L), 04–1491–cr (XAP), the evidence was amply sufficient to demonstrate a conspiracy between Henry and Powell, in particular, that Henry was Powell's drug supplier. Additionally, for the reasons discussed in that summary order, there was sufficient evidence for the jury to have concluded that Henry committed the substantive crimes of distribution or possession with intent to distribute on April 8 and 9, 2002.

■ Henry also seeks to have his case remanded for resentencing in accordance with the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). However, in *United States v. Sharpley,* 399 F.3d 123, 127 (2d Cir.2005), this Court determined that it is unnecessary to remand a case for resentencing pursuant to *Booker* and *United States v. Crosby,* 397 F.3d 103, 117–18 (2d Cir.2005), in cases such as Henry's, where a defendant was sentenced in accordance with a statutory mandatory minimum because any reduction in the calculated Sentencing Guidelines range could not reduce the defendant's sentence. Moreover, although in *Crosby,* 397 F.3d at 110 n. 8, this Court declined to consider what effect, if any, *Booker* has on the safety-valve provision codified at 18 U.S.C. § 3553(f), Henry's prior felony conviction

for drug distribution rendered him ineligible for such relief. Accordingly, there is no basis for remanding this case for resentencing pursuant to *Booker* and *Crosby.*

With respect to Henry's remaining *pro se* claims, we find the claims to be without merit.

First, to the extent that Henry asserts that the failure of the police officer who filed the criminal complaint in the district court to testify at trial violated the Confrontation Clause, a review of the trial transcript does not reveal that the criminal complaint was introduced at trial or that Henry requested the officer to testify.

■ Second, even if Henry has been subjected to duplicate prosecutions in state and federal court, the Double Jeopardy Clause does not protect a defendant from having separate punishments imposed by two different sovereigns. *See Koon v. United States,* 518 U.S. 81, 112, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

■ Third, Henry failed to assert that the grand and petit jury were not randomly selected prior to his trial and he has thus waived his claim under the Jury Selection and Service Act, 28 U.S.C.A. § 1861. *See* 28 U.S.C.A. § 1867(a). Moreover, to the extent Henry argues that his trial counsel was ineffective for failing to preserve this claim, Henry has not demonstrated that he was prejudiced by counsel's alleged error because he has not offered any evidence that there was a substantial failure to comply with the Jury Selection and Service Act in the selection of the grand or petit juries. *United States v. Miller,* 116 F.3d 641, 657 (2d Cir.1997) (stating that defendant establishes violation of the statute by showing under-representation of a distinctive group as a result of systematic exclusion). Likewise, Henry's vague, conclusory allegations of under-representation of African-

Americans do not make out a colorable claim of a constitutional violation.

■ Fourth, regarding Henry's claim that the Government improperly exercised a peremptory challenge against the sole African–American juror, Henry has not established that the district court determination that the Government had established a non-discriminatory reason for striking the juror was clearly erroneous. *See United States v. Brown,* 352 F.3d 654, 661 (2d Cir.2003).

■ Fifth, Henry did not move to suppress the evidence seized pursuant to a search warrant and therefore waived any objection to the admission at trial of such evidence. *See* Fed.R.Crim.P. 12(b)(3) (providing that motions to suppress evidence must be made prior to the commencement of trial). To the extent that Henry alleges that his trial counsel was ineffective for failing to move to suppress the evidence on the basis that the officers *never* served Henry with a copy of the warrant, there is no evidence in the record as to whether Henry was served with the warrant, and we decline to review this claim, which is more appropriately the subject of a 28 U.S.C. § 2255 motion. Henry's assertions, however, that counsel was ineffective for failing to challenge the warrant on the basis that the warrant authorized the officers to execute the warrant without giving notice of the officers' authority is specious. The warrant complied with New York law and the Federal Constitution. Trial counsel was not ineffective for failing to assert that the execution of the warrant did not comply with Rule 41 of the Federal Rules of Criminal Procedure because Rule 41 does not apply to the present case. *See United States v. Burke,* 517 F.2d 377, 382 (2d Cir.1975) (holding that although Rule 41 applies where a search warrant is issued by a state judge at the request of a federal law enforcement

officer, the mere fact that property seized pursuant to the warrant of a state judge at the request of state law enforcement officers for violation of state law is offered in a federal prosecution does not implicate the requirements of Rule 41).

■ Sixth, the district court did not err in failing to instruct the jury that repeated sales of narcotics do not constitute a conspiracy between the buyer and seller. In *United States v. Medina*, this Court determined that the rationale of this so-called "buyer-seller" instruction does not apply in situations where "there is advanced planning among the alleged co-conspirators to deal in wholesale quantities of drugs obviously not intended for personal use." 944 F.2d 60, 65–66 (2d Cir.1991). The evidence in the present case established that Henry and Powell knowingly participated in a drug distribution conspiracy. Therefore, Henry was not prejudiced by the district court's failure to give such an instruction.

■ Seventh, with respect to Henry's claim that the district court improperly permitted a witness to use a chart summarizing the telephone records for Henry's cellular telephone, although the district court failed to instruct the jury that it was the jury's responsibility to determine whether the summary chart accurately reflected the information contained in the telephone records, the error was harmless because the records for Henry's telephone were published to the jury during the witness's explanation of the chart and the evidence of Henry's guilt was substantial. *See United States v. Citron*, 783 F.2d 307, 317 (2d Cir.1986) (stating that improper admission of summary chart subject to harmless error analysis).

■ Eighth, even if the Government's remarks in summation constituted prosecutorial misconduct, a determination we do not make, the evidence regarding Henry's participation in the conspiracy was substantial, and it is clear that Henry would have been convicted in the absence of the Government's remark. *See United States v. Thomas*, 377 F.3d 232, 245 (2d Cir.2004) (ruling that to prevail on a claim of prosecutorial misconduct, a defendant must demonstrate that, absent the misconduct, he would not have been convicted).

■ Ninth, to the extent that Henry asserts that trial counsel was ineffective for failing to raise or preserve the claims asserted in Henry's *pro se* brief, the claims are meritless for the reasons discussed above, and Henry cannot demonstrate that he was prejudiced by counsel's failure to raise those issues. We decline to consider Henry's remaining ineffective assistance of counsel claims, raised for the first time in his reply brief. *See United States v. Yousef*, 327 F.3d 56, 115–16 (2d Cir.2003) (holding that defendant forfeited argument when he failed to assert it in his initial appellate brief).

For these reasons, the district court's judgment is AFFIRMED.