**UNITED STATES of America,**
**Appellee,**

v.

**Maria Rosalba GUEVARA,**
**Defendant–Appellant.**

**Docket No. 02–1426.**

United States Court of Appeals,
Second Circuit.

Oct. 6, 2005.

Bruce R. Ryan, Syracuse, NY, for Defendant–Appellant.

Richard S. Hartunian, Assistant United States Attorney, for Glenn T. Suddaby, United States Attorney for the Northern District of New York, for Appellee.

Present: MINER, KATZMANN Circuit Judges, and Hon. NICHOLAS TSOUCALAS, Senior Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-

---

* Hon Nicholas Tsoucalas of the United States Court of International Trade sitting by desig-

JUDGED, AND DECREED that the judgment of the district court be and hereby is REINSTATED and AFFIRMED.

On March 23, 2001, Guevara was convicted by a jury of multiple counts, including Count One, which charged her with conspiring to distribute and to possess with intent to distribute more than one kilogram of heroin. Guevara had previously been convicted in 1985 of possession of a controlled substance for sale and in 1986 of multiple charges including conspiracy to import cocaine and possession with intent to distribute cocaine. 21 U.S.C. 841(b)(1)(A) specifies certain mandatory minimum sentences for persons convicted of distributing or possessing a controlled substance. That section states that where the violation "involv[es] ... 1 kilogram or more of a mixture or substance containing a detectable amount of heroin," and the defendant is convicted "after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release." 21 U.S.C. § 841(b)(1)(A). Because of section 841, and based on Guevara's two prior drug convictions and the jury's determination that Guevara's conspiracy involved more than one kilogram of heroin, the district court sentenced Guevara to life imprisonment.

This court affirmed that judgment by summary order on May 21, 2004. *United States v. Guevara*, 99 Fed. Appx. 300, 306 (2d Cir.2004). Guevara appealed to the Supreme Court, and on January 24, 2005, the Court vacated the judgment, and remanded to this court for further consideration in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

nation.

In a letter-brief requested by this court and submitted on June 15, 2005, Guevara asserts that *Booker* and *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), require us to remand to permit the district court to consider whether to re-sentence. However, as this court observed in *United States v. Sharpley*, 399 F.3d 123 (2d Cir. 2005), where a Guidelines sentence is set in accordance with a statutory minimum, "any reduction in the calculated Guidelines range" based on *Booker*'s holding that the Guidelines are advisory "could not reduce [the defendant's] actual sentence." *Id.* at 127. In such a case, any error based on the district court's having sentenced under a pre-*Booker* sentencing regime "is a prototypical example of harmless error." *Id.*

Guevara argues that she only received the mandatory minimum of life imprisonment based on judicial fact-finding concerning the amount of drugs involved in her case. However, the jury, in convicting Guevara of Count One in the indictment, specifically found that she conspired to distribute and to possess with intent to distribute more than one kilogram of heroin. Guevara attempts to skirt this plain fact by citing to two inapposite cases. In *United States v. Cousineau*, 929 F.2d 64 (2d Cir.1991), this court stated that "[i]n calculating the base offense level for conspiracy to distribute cocaine, a court must attribute to the defendant amounts of cocaine involved in acts 'that were part of the same course of conduct or common scheme' as the conspiracy." *Id.* at 67 (quoting U.S.S.G. § 1B1.3(a)(2)). Here, however, the issue is not whether the district court considered acts that were not part of the same course of conduct in calculating a base offense level. Rather, the only issue is whether Guevara was convicted of a violation "involving ... 1 kilogram or more of a mixture or substance containing a detectable amount of heroin," 21 U.S.C. § 841(b)(1)(A)(i), an issue that the jury resolved definitively when it convicted Guevara of Count One. In *United States v. Jenkins*, 4 F.3d 1338 (6th Cir.1993), the Sixth Circuit observed that, to charge one conspiracy participant with the conduct of another participant, a court must make findings regarding the foreseeability of that conduct, as well as whether that conduct is in furtherance of jointly undertaken criminal activity. *Id.* at 1346. Again, here, the jury's finding that Guevara conspired to distribute or possess with intent to distribute more than one kilogram of heroin obviated the need for any such findings by the district court.

For the foregoing reasons, we **REINSTATE** and **AFFIRM** the judgment of the district court.