**UNITED STATES of America,**
**Appellee,**

v.

Raulston Decosta ROBINSON, also known as Keith, also known as Ponytail, Warwick Vincent Williams, also known as Vince, Michael Bramwell, also known as Jeff Davis, also known as Spooky, Richard Henry Lucas, Orestes Salon Moreno, Leon Irving, also known as Big Lee, Clyde Forest, also known as Briggy, Rene Renteria, also known as Felix, Tanya Prawl, Joseph Irving, Ian Powell, also known as Fat Ian, also known as BK, also known as Burger, David King, also known as Bobby, also known as Sol, Defendants,

Winston Hilton, also known as Tiger, Barrington Irving, Solem Joseph, also known as Bullman, also known as Sol, Carl Coleman, also known as CB, also known as C, Derrick Irving, also known as Sarge, Defendants–Appellants.*

**United States of America, Appellee,**

Paul Coleman, Roy Coleman, Maurice Burrows, Wayne Thompson and Richard Mullins, Defendants,

Coleman Commercial Carriers, Inc., also known as Coleman Commercial, and Carl Coleman, Defendants–Appellants.

Nos. 02–1548 (LEAD), 02–1591(CON), 02–1588(CON), 03–1031(CON), 03–1057(CON), 03–1210(L), 03–1432(CON).

United States Court of Appeals, Second Circuit.

Nov. 22, 2006.

* This caption varies from the official caption, which is 2 incorrect in certain respects. The Clerk of the Court is directed to amend the official caption accordingly.

Cheryl J. Sturm, Chadds Ford, PA, for Carl Coleman. Bruce R. Bryan, Syracuse, New York, for Winston Hilton. Alexander E. Eisemann, Katonah, New York, for Barrington Irving. Jeremy Schneider, Rothman, Schneider, Soloway & Stern, L.L.P., New York, New York, for Derrick Irving. William J. Stampur, Hurwitz Stampur & Roth, New York, New York, for Solem Joseph, for Defendants–Appellants.

Katherine Polk Failla, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Anirudh Bansal, Christopher P. Conniff, Boyd M. Johnson III, Assistant United States Attorneys, on the brief), New York, New York, for Appellee.

PRESENT: Hon. WALKER, Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Defendants-appellants Winston Hilton, Derrick Irving, Barrington Irving, Solem Joseph, and Carl Coleman appeal from the judgments of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, Lewis A. Kaplan, *Judges*). Hilton, Barrington Irving, Joseph, and Coleman were convicted after a jury trial of conspiracy to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. Derrick Irving pled guilty to that charge as well as money laundering in violation of 18 U.S.C. § 1956. In a separate trial on a different indictment, Coleman was convicted of conspiracy to distribute and to possess with intent to distribute 1,000 kilograms or more of marijuana. The defendants–appellants principally argue on appeal that (1) the district court should have suppressed evidence flowing from Joseph's arrest; (2) Judge Hellerstein's comments during the summation of Hilton's lawyer conveyed to the jury that the judge was biased and thought Hilton was guilty; (3) the district court improperly allowed Joseph Irving to testify to matters of which he had no personal knowledge or which were inadmissible hearsay; (4) the district court erred in instructing the jury on constructive possession; (5) Coleman's second conspiracy prosecution violated Double Jeopardy; and (6) they are entitled to a *Crosby* remand.

 The district court did not err in admitting evidence flowing from Solem Joseph's arrest. We review de novo whether a seizure was justified by the requisite showing. *United States v. Tehrani*, 49 F.3d 54, 58 (2d Cir.1995). We determine whether the *Terry* stop of Joseph's car was reasonable by asking (1) whether the officer's action was justified at its inception and (2) whether it was reasonably related in scope to the circumstances justifying the interference in the first place. *United States v. Bayless*, 201 F.3d 116, 132 (2d Cir.2000). The first part of the test requires "reasonable suspicion, based on specific and articulable facts, of unlawful conduct." *Id.* (internal quotation marks omitted). Given the execution of the arrest warrants earlier that morning at the apartment building, Joella Irving's refusal of permission to search the apart-

ment, and her subsequent repositioning of her car suggesting that she was planning to move contraband from the apartment, Agent Finning had reasonable suspicion when Joseph arrived shortly thereafter and departed with two bags, one of which appeared to be "unusually heavy." As to the second part of the test, Agent Finning only detained Joseph long enough to determine his reasons for going to the apartment. Upon recognizing Joseph's voice from intercepted phone calls and finding that Joseph changed his explanation for why he went to the apartment, Agent Finning had probable cause to arrest him. *See United States v. Salazar,* 945 F.2d 47, 51 (2d Cir.1991) (concluding that the police had probable cause after a permissible pat down made them suspect that there were crack vials in a suspect's pocket).

■ Hilton contends that his conviction should be vacated by reason of Judge Hellerstein's criticism of his counsel's summation. We reject this claim. Although noting that the attorney had wasted time in part of the summation, the court did not indicate either a bias against the defendant or a belief that he was guilty. See *United States v. Guglielmini,* 384 F.2d 602, 605 (2d Cir.1967). Furthermore, he gave a curative instruction promptly at the next day of trial, protecting against the possibility of prejudice. *See United States v. DiTommaso,* 817 F.2d 201, 220 (2d Cir.1987); *see also United States v. Mickens,* 926 F.2d 1323, 1327–28 & n. 1 (2d Cir.1991).

■ The district court did not err in admitting Joseph Irving's testimony. We review evidentiary rulings for abuse of discretion. *Tesser v. Bd. of Educ.,* 370 F.3d 314, 318 (2d Cir.2004). Under Fed.R.Evid. 602, we must ask "whether a reasonable trier of fact could believe the witness had personal knowledge." *Folio Impressions, Inc. v. Byer California,* 937 F.2d 759, 764 (2d Cir.1991). Although the question is

close, we do not believe that the district court abused its discretion in finding that Joseph Irving established personal knowledge by testifying that, inter alia, he "was around [his] brothers constantly." We note, however, that such a vague foundation is troubling, particularly because the district court did not permit voir dire of the witness. The district court must ensure that the proponent establishes a proper foundation for any evidence before it is admitted, *see United States v. Garcia,* 291 F.3d 127, 140 (2d Cir.2002), such that it can find that the witness has personal knowledge and is not testifying to inadmissible hearsay, see Fed.R.Evid. 602, 802. Requiring Joseph Irving to elaborate on his source would have been helpful. The hearsay to which Joseph Irving testified was properly admitted as it satisfied Fed. Rule Evid. 801(d)(2)(E)'s exception for statements by co-conspirators. *See United States v. Desena,* 260 F.3d 150, 158 (2d Cir.2001) (holding that this exception is met if the statements "inform [coconspirators] as to the progress or status of the conspiracy" (internal quotation marks omitted))

■ The district court did not err in instructing the jury on how to find constructive possession. We review de novo claims of errors in jury instructions. *United States v. Aina–Marshall,* 336 F.3d 167, 170 (2d Cir.2003). The judge sought to illustrate the principle of constructive possession by asking his clerk, "May I have that pencil, please." We think this illustration was potentially confusing and not well-conceived. It ran the risk that the jury might believe that the judge had constructive possession because the clerk handed the pencil to him, or that he had constructive possession because of his ability to ask a person in actual possession, *as a favor,* to please give it to him. In spite of this illustration, however, the instruction

taken as a whole effectively explained that an individual's constructive possession of an object depends on whether the individual, through a working relationship with the person or entity having physical custody, has the "ability and intent to exercise substantial control over" the object. 3 L. Sand et al., Modern Federal Jury Instructions—Criminal, Instr. 56–4 (2006). The judge's full explanation cured any confusion potentially caused by his example. *See United States v. Torres,* 901 F.2d 205, 240 (2d Cir.1990) ("It is a well established proposition that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." (internal quotation marks omitted)).

■ The prosecution and conviction of Coleman for the cross–country transport of marijuana on behalf of several narcotics organizations did not violate Double Jeopardy. We review a claim of double jeopardy de novo. *United States v. Maslin,* 356 F.3d 191, 196 (2d Cir.2004). *United States v. Korfant,* 771 F.2d 660 (2d Cir.1985), provides a non-exhaustive eight-factor test for determining the merits of Double Jeopardy claims arising from successive conspiracy prosecutions. *Id.* at 662; *see also United States v. Macchia,* 35 F.3d 662, 667–68 (2d Cir.1994) (reaffirming *Korfant's* validity). After reviewing the record and the district court's opinion, we conclude that the two prosecutions involved factually distinct conspiracies and therefore did not violate Coleman's Double Jeopardy right.

■ Because the district court in case no. 02–1548(L) sentenced Derrick Irving, Barrington Irving, and Coleman prior to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we remand the case for the limited purpose of allowing the district court to consider whether to resentence them. *See Crosby,*

397 F.3d at 119. We also remand Coleman's separate case (no. 03–1210(L)) for *Crosby* consideration. We decline to grant Hilton and Joseph *Crosby* remands because they were sentenced to the mandatory minimum under 21 U.S.C. § 841(b)(1)(A). *See United States v. Sharpley,* 399 F.3d 123, 127 (2d Cir.2005).

We have examined the defendants' many remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgments of the district court and **REMAND** the cases as to defendants-appellants Barrington Irving, Derrick Irving, and Coleman for the limited purpose of allowing the district court to consider whether to resentence them.