07-0258-cr
United States v. Buie

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Argued: October 17, 2008              Decided: November 13, 2008)

Docket No. 07-0258-cr

_____

UNITED STATES OF AMERICA,

Appellee,

v.

DAVID ARTHUR BUIE,

Defendant-Appellant.

_____

Before: MCLAUGHLIN, LEVAL, POOLER, Circuit Judges.

_____

David Arthur Buie appeals from a judgment of the United States District Court for the

Southern District of New York (Casey, J.) convicting him of violating 18 U.S.C. § 922(g) after

being convicted of three prior offenses that rendered him eligible for a mandatory minimum

sentence under Section 924(e) of the Armed Career Criminal Act (ACCA). The predicate

offenses under Section 924(e) include any "serious drug offense," defined as "an offense under

State law . . . for which a maximum term of imprisonment of ten years or more is prescribed by

1

law." 18 U.S.C. § 924(e)(2)(A)(ii). Buie argues on appeal that one of his predicate offenses, a New Jersey felony narcotics conviction, was not a "serious drug offense" because the New Jersey sentencing judge stated at his plea hearing that the maximum sentence that could be imposed under his plea agreement was eight years. We hold that because the maximum penalty for the offense to which Buie pleaded guilty was ten years or more under the New Jersey statute, a fact Buie was apprised of at his plea hearing, Buie's New Jersey felony narcotics conviction qualifies as a "serious drug offense" under ACCA. We also reject Buie's argument that he was deprived of counsel at his plea hearing. The district court's opinion is AFFIRMED.

> RUA M. KELLY, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief, Lev L. Dassin, Assistant United States Attorney, of counsel), New York, NY, for Appellee.
>
> MARY ANNE WIRTH, Bleakley Platt & Schmidt, LLP, White Plains, NY, for Defendant-Appellant.

---

POOLER, Circuit Judge:

The Armed Career Criminal Act (ACCA) provides for a fifteen-year mandatory minimum sentence for a defendant convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), who "has three previous convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). ACCA defines a "serious drug offense" as "an offense under State law . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." Id. § 924(e)(2)(A(ii). In this appeal, defendant-appellant David Arthur Buie argues, as he did in the district court, that his New Jersey conviction for a drug offense

2

punishable under state statute by up to ten-years imprisonment did not qualify as a "serious drug offense," because the New Jersey trial judge stated at Buie's plea hearing that the maximum sentence that could be imposed under the plea agreement was eight years. The district court rejected Buie's argument. We now affirm the judgment of the district court. Because the maximum penalty for the offense to which Buie pleaded guilty under the New Jersey statute was ten years or more, a fact Buie was apprised of at his plea hearing, Buie's New Jersey conviction qualifies as a "serious drug offense" under ACCA. We also reject Buie's argument that he was deprived of counsel at his plea hearing.

## BACKGROUND

On September 8, 2006, Buie pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) in the United States District Court for the Southern District of New York (Casey, J.). The district court sentenced Buie to fifteen years imprisonment, the mandatory minimum under Section 924(e) of ACCA. Section 924(e) applies to anyone convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), who "has three previous convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Buie's three prior offenses included two New York state court robbery convictions and a May 22, 1995 conviction for manufacturing, distributing, or dispensing heroin in the second degree in Middlesex County Superior Court, New Jersey. The only conviction at issue in this appeal is the New Jersey conviction.

The facts of Buie's 1995 New Jersey conviction are as follows. Buie was arrested on March 18, 1994 after a vehicle he was traveling in was stopped for speeding on the New Jersey Turnpike. State troopers searched the vehicle and found heroin. A state trooper claimed that

Buie admitted that the heroin belonged to him. Buie was charged with manufacturing, distributing, or dispensing heroin in the second degree in violation of New Jersey Statute Sections 2C:35-5a(1) and 2C:35-5b(2). Under New Jersey law, a person convicted of a crime in the second degree may be sentenced to a term of imprisonment "which shall be fixed by the court and shall be between five years and 10 years." N.J. Stat. Ann. § 2C:43-6(a)(2).

On April 10, 1995, Buie appeared before the Honorable Glen Berman, Justice of the Superior Court, Middlesex County, New Jersey, for a plea hearing. Buie's appointed counsel, Robert Rogers, had been assigned to the case four days earlier. Buie had never met Rogers until just before his court appearance that day. At the outset of the plea hearing, Rogers explained to Justice Berman that the prosecutor had offered Buie a plea agreement that permitted Buie to receive a maximum sentence of eight years' imprisonment with an 18-month period of ineligibility for parole. The prosecutor explained that the original offer to Buie was a maximum sentence of eight years' imprisonment with a two-year period of ineligibility for parole. However, the prosecutor stated that Buie was offered a more favorable disposition after negotiations with Rogers.

The Court explained the plea deal to Buie as follows:

If you want to plead today, the offer was an eight, with a stip of one-and-a-half. If you don't take it today, you want to think about it, it is going up, the offer now. Let me tell you what the offer means. I can't go over that. I could go under it. But, of course, you can't assume that will happen. You plead to an eight, with a two stip. I could give you a five flat, theoretically. But no[] guarantee of that.

. . . .

In other words, the plea bargain is the maximum. I could go under. I can't go over. What the State is saying to you is, you got a one-day offer. That day expires today.

Upon learning that Buie had two prior convictions, Judge Berman informed Buie: "So, understand, that you're facing, if convicted, it sounds like a 20-year term of imprisonment, with a 10-year parole disqualifier."[1]  Judge Berman explained that the "10-year parole disqualifer" meant that Buie would have no eligibility for parole for ten years.  Prior to accepting the plea agreement, Buie stated his understanding of the situation:  "So, what you're saying is, if I plead, I could plead today to eight years, with 18 months? . . . If I don't plead guilty, between now and the hearing, I could possibly plead for eight, with two years.  But if I wait for the hearing, I get nothing?  And I could go to trial, and get 20 years?"  Judge Berman responded, "That's right."  In accepting the plea, Judge Berman informed Buie that, due to his plea, he could not receive a sentence any greater than an "eight-year State Prison term, with an 18-month period of parole ineligibility, consecutive to any other charges," and that if Buie went to trial, and was found guilty, he "would be treated as a persistent offender," and "would have faced a twenty-year jail term[.]  That doesn't mean you would get it; but that's your exposure."  Buie responded that he understood.

In the district court, Buie filed a pro se motion to dismiss the portion of the indictment charging him with recidivism and rendering him subject him to increased penalties, as provided in Section 924(e).  Buie argued that this 1995 felony narcotics conviction did not qualify as a "serious drug offense" because his plea agreement provided that the maximum sentence for his offense was eight years, not the requisite ten.  The district court denied the motion based on its finding that the statute of conviction subjected Buie to a maximum term of imprisonment of ten

[1]  In New Jersey, a person convicted of a crime in the second degree with two or more prior convictions is a "persistent offender," N.J. Stat. Ann. § 2C:44-3, who may be sentenced to a term of imprisonment of "between 10 and 20 years," id. § 2C:43-7.

5

years. Buie then filed a motion for reconsideration based on newly obtained evidence, namely, a copy of his April 10, 1995 plea transcript. The motion argued that (1) the plea transcript demonstrated that the maximum sentence under law for Buie's 1995 felony narcotics conviction was only eight years and (2) that the conviction could not serve as a predicate "serious drug offense" for purposes of Section 924(e) because Buie had not had enough time to confer with his lawyer about the case and was effectively deprived of his constitutional right to counsel.

The district court denied Buie's motion for reconsideration, finding (1) there was no reason to probe beneath the statutory definition of the predicate crime under Taylor v. United States, 495 U.S. 575 (1990) and Shepard v. United States, 544 U.S. 13 (2005), and (2) Buie could not collaterally attack his New Jersey felony narcotics conviction under Custis v. United States, 511 U.S. 485 (1994) because Buie had, at most, alleged ineffective assistance of counsel, not deprivation of counsel.

## DISCUSSION

### I.     Serious Drug Offense

Buie argues that the maximum term for the offense "prescribed by law" is the eight year term that the judge and the prosecutor told him he could receive under his plea agreement. Buie interprets Section 924(e)'s reference to the maximum penalty "prescribed by law" to mean the maximum imprisonment permissible under the plea bargain to which he and the prosecution had agreed.

Buie's interpretation of the statute is incompatible with Supreme Court precedent, which requires that we look to the definition of the offense established by the state legislature. ACCA defines a "serious drug offense" as "an offense under state law . . . for which a maximum term of

6

imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). In Taylor

v. United States, the Supreme Court held that "the only plausible interpretation" of the

enhancement statute is one that "generally requires the trial court to look only to the fact of

conviction and the statutory definition of the prior offense." 495 U.S. at 602. "[T]he language of

§ 924(e) generally supports the inference that Congress intended the sentencing court to look

only to the fact that the defendant had been convicted of crimes falling within certain categories,

and not to the facts underlying the prior convictions." Id. at 600. In United States v. Rodriquez,

the Court reaffirmed the categorical approach of deferring to statutory definitions:

> In § 924(e)(2)(A)(ii), Congress chose to rely on the "maximum term of
> imprisonment . . . prescribed" by state law as the measure of the seriousness of
> state offenses involving the manufacture, distribution, or possession of illegal
> drugs. Congress presumably thought – not without reason – that if state
> lawmakers provide that a crime is punishable by 10 years' imprisonment, the
> lawmakers must regard the crime as "serious," and Congress chose to defer to the
> state lawmakers' judgment.

128 S. Ct. 1783, 1790 (2008); see also United States v. Darden, 539 F.3d 116, 122 (2d Cir. 2008)

(observing that "Congress could have defined the seriousness of a drug offense in terms of the

actual state sentence imposed on the particular defendant," but "[r]ather, Congress defined the

seriousness of a drug offense in terms of the maximum sentence that is prescribed by state law.").

Thus, the maximum sentence for this purpose is the maximum set by the New Jersey

legislature for the "offense under State law" to which Buie pleaded guilty. 18 U.S.C. §

924(e)(2)(A)(ii). Buie does not dispute that the offense to which he pleaded guilty carries a

statutory maximum of ten years. N.J. Stat. Ann. § 2C:43-6(a)(2). Moreover, at Buie's plea

hearing, Judge Berman informed Buie that the maximum penalty offered under the plea

agreement was lower than the maximum penalty under state statute. Judge Berman made clear to

7

Buie that if he opted to go to trial and was found guilty by a jury, Buie could have faced a twenty-year sentence under the recidivist provisions of New Jersey law.[2]

To be sure, under certain circumstances, a court must look beyond the statutory definition and fact of conviction in order to determine whether a prior offense qualifies as a predicate for ACCA purposes. In Taylor, the Court found an exception to the categorical approach for cases of "generic burglary,"[3] due to the wide variety of state definitions of burglary, some of which included entry into boats, cars, and vending machines. 495 U.S. at 599. Taylor held that the meaning of the term "burglary" in ACCA was not dependent on any state-law definition, but rather, meant a certain generic form of burglary of buildings. Id. Taylor recognized that this holding would require that courts examine charging papers and jury instructions to confirm that a defendant was convicted of a crime including all the elements of "generic burglary." Id. at 602. In Shepard, the Court clarified that in conducting this inquiry, a sentencing court could examine "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," but could not look to other documents, for example, police reports. 544 U.S. 13, 16 (2005). Rodriguez expanded the types of cases in which it was permissible to look to documents outside the

---

[2] Because Buie's offense was punishable by a term of five to ten years, it qualifies as a serious drug offense regardless of whether the New Jersey recidivist penalty is considered. The point is that the judge did not inform Buie that the maximum penalty for the statutory offense was any less than ten years.

[3] ACCA provides for enhanced penalties for serious drug offenses for which a maximum term of imprisonment of ten years or more is prescribed by law, 18 U.S.C. § 924(e)(2)(A), and also for certain violent felonies "punishable by imprisonment for a term exceeding one year," including four enumerated crimes – burglary, arson, extortion, and offenses involving the use of explosives, 18 U.S.C. § 924(e)(2)(B).

statutory definition to cases in which a court had to determine whether a defendant was eligible for an increased maximum term under state recidivist statutes. 128 S. Ct. at 1791 (citing Shepard, 544 U.S. at 20). However, these cases do not establish any exception to the categorical approach for a case, such as this, in which the defendant pleaded guilty to an offense carrying a maximum term comporting with Section 924(e)(2)'s definition of a "serious drug offense" under a plea bargain restricting the punishment to a term shorter than that specified in the statute.

## II.     Deprivation of Counsel

Buie also argues that his New Jersey conviction could not serve as a predicate for Section 924(e) because it was procured in violation of his constitutional right to counsel. Under United States v. Custis, in a challenge to a federal conviction under Section 924(e), a defendant may not collaterally attack the validity of prior state-court convictions, "with the sole exception of convictions obtained in violation of the right to counsel." 511 U.S. at 487. Custis established that a defendant may not collaterally attack a conviction based on allegations of ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668 (1984). Id. at 496. The Supreme Court recognized that "failure to appoint counsel for an indigent defendant" prior to Gideon v. Wainwright, 372 U.S. 335 (1963) was a "unique constitutional defect." Id. Custis therefore held that collateral attack is allowed only if the alleged constitutional violation "rises to the level of [a] failure to appoint counsel at all," a defect which "will generally appear from the judgment roll itself, or from an accompanying minute order." Id. (emphasis added); see also Daniels v. United States, 532 U.S. 374, 378 (2001) ("Two considerations supported our constitutional conclusion in Custis: ease of administration and the interest in promoting the finality of judgments.").

Because Buie has not alleged a failure to appoint counsel at all, his collateral attack is barred by Custis. Buie does not dispute that he was represented by counsel during the New Jersey state court proceedings. Moreover, the record demonstrates that Buie did in fact seek the advice of counsel and confer with counsel during his plea hearing. Buie argues that he was deprived of counsel because he did not meet his appointed counsel until shortly before his plea hearing, because the judge and prosecutor pressured him into accepting a plea offer that day, and because his counsel did not advise him to pursue a potentially meritorious suppression motion. These allegations do not state a claim for an error of Gideon magnitude. See United States v. Sharpley, 399 F.3d 123, 126 (2d Cir. 2005). Therefore, Buie cannot challenge his New Jersey conviction on this basis.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.