**UNITED STATES of America, Appellee–Cross–Appellant,**

v.

**Harry SHUSTER, Defendant–Appellant–Cross–Appellee.** .

**Docket Nos. 02–1417L, 02–1487XAP.**

United States Court of Appeals, Second Circuit.

Argued: March 31, 2003.

Decided: June 10, 2003.

---

dispute, in this instance a claim by the Government that a sentencing judge erred in declining to make an upward adjustment that the Government contends was required. Harry Shuster appeals from the July 12, 2002, judgment of the District Court for the Eastern District of New York (John Gleeson, District Judge) sentencing him principally to six years of imprisonment for securities fraud and money-laundering offenses. He complains primarily of various alleged trial errors. The Government cross-appeals, contending that the District Court should have made a four-level increase in the Defendant's adjusted offense level because his offense involved a fraud "affecting" a financial institution within the meaning of U.S.S.G. § 2F1.1(b)(6)(B). We conclude that the Government's contention need not be adjudicated because the record makes clear that, even if the enhancement were required, the District Judge's departure down to six years would remain unaffected. The Defendant's contentions have been rejected in a summary order filed today. We therefore affirm on the appeal and the cross-appeal.

### Background

Shuster's criminal conduct primarily involved a "boiler room" operation in which he arranged purchases from, and sales to, Stratton–Oakmont, Inc., a broker-dealer, of stock in several initial public offerings. His activities resulted in an artificial inflation of stock prices from which he profited more than $2 million. We set forth only the facts needed for understanding of the one sentencing issue considered, in this opinion.

At sentencing, the District Court initially calculated Shuster's total adjusted offense level to be 31. The Government sought a four-level enhancement pursuant to U.S.S.G. 2F1.1(b)(6) (1997), which ap-

Jeremy Maltby, New York, N.Y. (Alan M. Cohen, Scott A. Thompson, O'Melveny & Myers, LLP, New York, N.Y., on the brief), for Defendant–Appellant.

Ronald G. White, Asst. U.S. Atty., Brooklyn, N.Y. (Roslynn R. Mauskopf, U.S. Atty., David C. James, Asst. U.S. Atty., Brooklyn, N.Y., on the brief), for Appellee.

Before: JON O. NEWMAN, POOLER, and KATZMANN, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

This appeal in a criminal case merits a brief opinion only to indicate a circumstance in which a reviewing court need not adjudicate a Sentencing Guidelines

plies where an offense "substantially jeopardized the safety and soundness of a financial institution," *id.* § 2F1.1(b)(6)(A), or "affected a financial institution and the defendant derived more than $1,000,000 in gross receipts from the offense," *id.* § 2F1.1(b)(6)(B). Judge Gleeson ruled that neither subsection of section 2F1.1(b)(6) applied. Because the Government's cross-appeal concerns only the ruling not to apply subsection 2F1.1(b)(6)(B), we need not consider the ruling as to subsection 2F1.1(b)(6)(A). As to the (B) subsection, there was no dispute that Stratton–Oakmont was a financial institution or that Shuster derived more than $1 million in gross receipts. Thus, the issue for Judge Gleeson was whether Shuster's conduct "affected" Stratton–Oakmont in the sense contemplated by the guideline.

After ruling that the (B) subsection did not apply, Judge Gleeson stated alternatively that if his view about this subsection was wrong and if he had the discretion to make a downward departure because of Shuster's role in the offense, he would downwardly depart four levels "because of [Shuster's] role."

The adjusted offense level of 31 and the applicable Criminal History Category I specified a range of imprisonment of 108–135 months. However, Judge Gleeson made a downward departure to 72 months pursuant to U.S.S.G. § 5K2.0 based upon the "combined effect of extraordinary family circumstances; charitable works; and age."

The Government's cross-appeal does not challenge the downward departure, but does challenge the decision not to make a four-level upward adjustment to the offense level under subsection 2F1.1(b)(6)(B).

## Discussion

In contexts slightly different from this case, we have ruled that guideline disputes that would not have affected the ultimate sentence need not be adjudicated on appeal. One example is where a sentence falls within any two of the adjacent overlapping ranges of the Guidelines sentencing table, *see* U.S.S.G. Ch. 5, Pt. A (Sentencing Table), the parties challenge some adjustment that would affect which of the two ranges is applicable, and the sentencing judge makes clear that the same sentence would have been imposed whichever one of the two ranges applied. *See United States v. Bermingham*, 855 F.2d 925, 934–35 (2d Cir.1988) (reviewing court "need not select between the two arguably applicable guideline ranges if it is satisfied that the same sentence would have been imposed under either guideline range"). We have applied *Bermingham* in declining to adjudicate disputes concerning: offense level adjustments, *United States v. Tracy*, 12 F.3d 1186, 1203 (2d Cir.1993); *United States v. Garcia*, 936 F.2d 648, 656 (2d Cir.1991); grouping, *United States v. Santopietro*, 166 F.3d 88, 95 (2d Cir.1999); and the appropriate offense guideline, *United States v. McHugh*, 122 F.3d 153, 158; *id.* at 159 (2d Cir.1997) (Newman, J., concurring).

Especially pertinent to the pending appeal, we have applied *Bermingham* in the context of a departure, ruling that a challenge to which of two criminal history categories was the appropriate category to which a sentencing judge could depart need not be adjudicated where the same sentence would have been imposed in any event. *United States v. Larson*, 112 F.3d 600, 606 (2d Cir.1997); *United States v. Mayo*, 14 F.3d 128, 132 (2d Cir.1994). Also pertinent are cases in which we have remanded for resentencing because of uncertainty as to whether a sentencing judge who granted a downward departure would have made the same or a greater departure if the applicable adjusted offense level and corresponding presumptive sentencing

range had been correctly determined. *See United States v. Moon*, 926 F.2d 204, 210 (2d Cir.1991) (sentence departing from guideline range of 78–97 months down to 48 months remanded where correct guideline range was 63–78 months); *United States v. McCall*, 915 F.2d 811, 814–16 (2d Cir.1990) (sentence departing from guideline range of 151–188 months down to 108 months remanded where correct guideline range was 87–108 months). Neither of the sentencing judges in *Moon* and *McCall* had indicated that they would have imposed the same sentence if they had considered a departure from a lower guideline range.

In the pending case, we have sufficient guidance from the sentencing judge to preclude the need for resentencing. After ruling that the four-level enhancement for "affecting" a financial institution was not applicable, Judge Gleeson stated, alternatively, that if his view of the enhancement were incorrect, he "would downwardly depart four levels because of [Shuster's] role [in the offense]." Judge Gleeson thereby made it clear that, even if the enhancement applied, he would still depart down to the same 72–month sentence that he imposed. The Government responds that the enhancement, if applicable, would have increased Shuster's ultimate sentence because a four-level downward departure for role in the offense would not have been warranted. Whether or not that is so, Judge Gleeson has sufficiently indicated that he would use his departure discretion, even if he started from a higher level, to end up with a 72–month sentence.

## Conclusion

The judgment of the District Court is affirmed.