### UNITED STATES of America, Appellee,

v.

### Anthony TESORIERO, Defendant–Appellant.

### Docket No. 04–2017–CR.

United States Court of Appeals, Second Circuit.

Argued: June 23, 2005.

Decided: June 28, 2005.

Burton T. Ryan, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (David C. James, Assistant United States Attorney, of counsel), Brooklyn, NY, for Appellee.

Marshall A. Mintz, Law Office of Joyce C. London (Joyce C. London, of counsel), New York, NY, for Defendant–Appellant.

Before: MINER and CALABRESI, Circuit Judges, and AMON, District Judge.*

PER CURIAM.

Defendant–Appellant, Anthony Tesoriero ("Tesoriero"), appeals from a judgment and sentence entered following his conviction, pursuant to a guilty plea, for conspir-

---

* The Honorable Carol Bagley Amon, United States District Court for the Eastern District of New York, sitting by designation.

acy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841, 846. We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal.

Tesoriero correctly challenges the validity of his sentence following the Supreme Court's decision in *United States v. Booker*, 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Since this argument was not presented below, the appropriate course is to remand this case to the district court for consideration of resentencing pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005).

The Government relies on our decision in *United States v. Sharpley*, 399 F.3d 123 (2d Cir.2005), to argue that a *Crosby* remand is not necessary in this case because Tesoriero was sentenced to the statutory minimum sentence for his offense—ten years' imprisonment, pursuant to 18 U.S.C. § 841(b). *See id.* at 126–27 (holding that because the defendant's sentence was set at the statutory minimum "any reduction [on remand] in the calculated Guidelines range could not reduce [the defendant's] actual sentence," and, hence, that the case presented "a prototypical example of harmless error"). *Sharpley*, however, did not involve, as the case before us does, a Government motion for downward sentencing departure pursuant to § 5K1.1 of the Sentencing Guidelines as well as 18 U.S.C. § 3553(e). The presence of such a motion in the instant case distinguishes Tesoriero's situation from that of the defendant in *Sharpley*, because, on remand, the district court has the authority to sentence Tesoriero below the ten-year mandatory minimum. *See* 18 U.S.C. § 3553(e).

We have considered all of Tesoriero's other arguments and find them to be without merit. The case is hereby REMANDED for consideration of resentencing.