**UNITED STATES of America,**
**Appellee,**

v.

Martese LYTCH, also known as Skeet, Tyrone Bowman, also known as Bugsy, Curtis Tubbs, also known as Curly Top, Marvin Watson, also known as Face, Lionel Bryant, also known as Blood Mag, Jamal Cradle, also known as Mel Mel, Tyrone Fair, also known as Ty, also known as So Sa, Corey Holcombe, also known as C Murder, Brian Jefferson, also know as Country, Elton Kittrell, Robert Mack, also known as Party Rob, Harvey Parrish, Latif Pettway, also known as La, Anthony Quinonez, also known as Ant,

also known as Animal, Samuel Single-ton, Carvin Skidmore, also known as Escobar, Darrell Spruill, also known as Big D, also known as Eight Ball, Gilbert White, also known as Relly, Michael Wright, Defendants,

Melson Raheen Mathis, also known as Melson Mathis, also known as Chic, also known as Michael Sasson, James Lytch, Defendants–Appellants.

Nos. 05–6649–cr, 05–6656–cr(con).

United States Court of Appeals, Second Circuit.

Nov. 29, 2007.

Kelly T. Currie, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern Dis-

trict of New York, (Emily Berger, Assistant United States Attorney, on the brief), Brooklyn, N.Y., for Appellee.

Robin C. Smith, Brooklyn, N.Y., for Defendant–Appellant Melson Raheen Mathis.

Barry M. Fallick (Jillian S. Harrington, of counsel), Rochman Platzer Fallick Sternhein Luca & Pearl, LLP, New York, N.Y., for Defendant–Appellant James Lytch.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Circuit Judges, and Hon. JOHN F. KEENAN, District Judge.*

## SUMMARY ORDER

Defendants–Appellants Melson Raheen Mathis and James Lytch were found guilty, by jury verdict following trial, of conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) [Count One], and of using and carrying firearms in relation to a drug crime, in violation of 18 U.S.C. § 924(c)(1)(A) [Count Two]. Lytch was further charged with and found guilty of murdering Hector Pacheco through the use of a firearm in violation of 18 U.S.C. § 924(j)(1) [Count Three]. They were later sentenced to 282 months' and 324 months' imprisonment, respectively. Mathis and Lytch appeal their convictions and sentences before this court, and we assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

Mathis was sentenced on November 29, 2005 to a non-Guidelines aggregate sentence of 282 months on both counts: a 162–month sentence on Count One, and a consecutive 120–month sentence on Count Two. He challenges his conviction on the

ground that he received ineffective assistance of counsel during trial, and he challenges his sentence on the ground that the district court's imposition of a 10–year enhancement for the discharge of a firearm, absent a specific finding by a jury, amounted to a violation of the Sixth Amendment.

■ The Supreme Court has said that in most cases, direct appeal is not the preferred manner to address claims of ineffective assistance of counsel. *Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). We have, however, "entertained ineffective assistance claims for the first time on direct appeal when their resolution is beyond any doubt," *United States v. Khedr,* 343 F.3d 96, 100 (2d Cir.2003) (internal quotation marks and citation omitted), and such is the situation here. Even assuming that counsel's performance could be found to be unreasonable, Mathis has failed to demonstrate that he was prejudiced by his counsel's actions. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We therefore deny his ineffective assistance of counsel claim.

■ When fashioning Mathis's sentence, the district judge determined that "an aggregate sentence of 282 months' imprisonment [was] sufficient, but no greater than necessary, to satisfy all the goals of sentencing." The district judge expressly noted at the outset that because she had decided to impose a non-Guidelines sentence, "resolution of the parties' disputes concerning [Count Two] does not affect the length of the total prison term to be imposed, but, rather, the structure of the prison term." We have held that "guideline disputes that would not have affected

---

* The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

the ultimate sentence need not be adjudicated on appeal." *United States v. Shuster*, 331 F.3d 294, 295 (2d Cir.2003). As the resolution of Mathis's Sixth Amendment claim would not have affected the ultimate sentence given by the district court, we do not address it.

■ Lytch was sentenced on November 28, 2005 to a non-Guidelines sentence of 324 months, consisting of concurrent sentences of 204 months on Counts One and Three, followed by a consecutive 120–month sentence on Count Two. Lytch challenges his conviction on grounds of insufficiency of the evidence, and he argues his sentence on Count One is unreasonable. In order to prevail on a sufficiency of the evidence challenge, "[a] defendant must prove that, viewing all of the evidence in the light most favorable to the government, no rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *United States v. Aleskerova*, 300 F.3d 286, 292 (2d Cir.2002) (internal quotation marks and citation omitted). Lytch has failed to meet this heavy burden. With respect to his sentence, Lytch was sentenced to 204 months on Counts One and Three, to run concurrently. Were he to prevail on his challenge to his Count One sentence, Lytch's overall sentence would not change as he has not challenged the reasonableness of his sentence on Count Three. We do not, therefore, need to resolve this issue. *See Shuster*, 331 F.3d at 295.

We have considered all of Appellants' claims and find them to be without merit. The judgment of the district court is therefore AFFIRMED.