UNITED STATES of America, Appellee,

v.

Anthony TESORIERO, also known as Crazy Tony, also known as The Freak, Defendant–Appellant.

No. 06–3507–cr.

United States Court of Appeals, Second Circuit.

Feb. 13, 2008.

Burton T. Ryan (David C. James, on the brief), for Benton J. Campbell, United

---

States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Appellee.

Joyce C. London (Marshall Mintz, on the brief), New York, N.Y., for appellant.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Anthony Tesoriero appeals from a July 13, 2006 judgment of the United States District Court for the Eastern District of New York, which left undisturbed a 120 month in prison sentence marijuana trafficking initially pronounced before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This Court had previously remanded the case pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), for a determination as to whether resentencing was appropriate, *United States v. Tesoriero*, 413 F.3d 291 (2d Cir.2005) (per curiam). On remand, Judge Platt declined to change the sentence, finding that he would have reached the same conclusion even if the Guidelines were advisory, rather than mandatory.

Tesoriero now challenges the district court's refusal to resentence him. "[W]e review a sentence for reasonableness even after a District Court declines to resentence pursuant to *Crosby*." *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007). Before us, Tesoriero presses two claims of procedural error.

Tesoriero argues first that the district court erred in refusing to consider his objection to the district court's calculation of the Guidelines range. The district judge, however, stated explicitly that he would have sentenced Tesoriero to 120 months whether the Guidelines range was, as he found, 235 months to 293 months, or,

as Tesoriero contends, 168 months to 210 months. We need not resolve this dispute, then, for it is clear that the district court would have imposed the same sentence either way. *United States v. Shuster*, 331 F.3d 294, 296 (2d Cir.2003) ("[G]uideline disputes that would not have affected the ultimate sentence need not be adjudicated on appeal").

Second, Tesoriero claims that the district court failed to give due consideration to the § 3553(a) factors. When reviewing a district court's sentencing decision for reasonableness, "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir.2006). There is nothing in the record that indicates that the district court failed to consider the relevant factors.

Accordingly, the judgment of the district court is **AFFIRMED**.