United States of America v. Steven Bertuglia

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         RICHARD C. WESLEY,
                        Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    14-1806

STEVEN BERTUGLIA,
         Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                  Philip L. Weinstein, Federal
                                Defenders of New York, Inc., New
                                York, New York.

FOR APPELLEES:                  Charles N. Rose, Emily Berger,
                                Assistant United States
                                Attorneys (for Loretta E. Lynch,
                                United States Attorney for the

1

Eastern District of New York), Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Steven Bertuglia appeals from a judgment of the United States District Court for the Eastern District of New York (Bianco, J.), sentencing him to concurrent terms of 180 months' imprisonment for two counts of bank robbery in violation of 18 U.S.C. § 2113(a). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Bertuglia's only argument on appeal is that the district court erred in classifying him as a "career offender" under the Sentencing Guidelines, over Bertuglia's timely objection.[1] We need not consider this argument, because the district court explained repeatedly that the disputed classification made no difference to the sentence imposed:

---

[1] There is a circuit split on the question whether burglary of a non-residential building qualifies as a per se "crime of violence" under the career offender guideline. Compare United States v. Brown, 514 F.3d 256 (2d Cir. 2008); United States v. Hascall, 76 F.3d 902 (8th Cir. 1996), with United States v. Giggey, 551 F.3d 27 (1st Cir. 2008) (en banc); United States v. Matthews, 374 F.3d 872 (9th Cir. 2004); United States v. Hoults, 240 F.3d 647 (7th Cir. 2001); United States v. Wilson, 168 F.3d 916 (6th Cir. 1999); United States v. Harrison, 58 F.3d 115 (4th Cir. 1995); United States v. Spell, 44 F.3d 936 (11th Cir. 1995); United States v. Jackson, 22 F.3d 583 (5th Cir. 1994); United States v. Smith, 10 F.3d 724 (10th Cir. 1993). As the split arises from different readings of the career offender guideline, the United States Sentencing Commission is well situated to resolve it by clarifying whether non-residential burglary qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a)(2).

> [E]ven if the guideline range were different, because of the career offender provision, . . . I would impose the exact same sentence. So even if the Second Circuit were to determine that this burglary was not a crime of violence, . . . I would impose the exact same sentence in this case, the 15 year sentence, because I believe that this defendant is someone, based upon his history, [for whom] that sentence is necessary to achieve all the factors of sentencing, based upon the reasons that I've already given. So even if his guideline range were the 70 to 87 months, I'd give him the same sentence as the non-guideline sentence of 15 years for all the reasons I've given.

Sentencing Tr. at 19-20.

"[G]uideline disputes that would not have affected the ultimate sentence need not be adjudicated on appeal." United States v. Shuster, 331 F.3d 294, 296 (2d Cir. 2003); see also United States v. Borrego, 388 F.3d 66, 69 (2d Cir. 2004) ("[T]o require the court to rule on issues which would have no effect on the sentence would merely require performance of a meaningless academic exercise."). Because the district court could have--and would have--imposed the same sentence, even without the career offender enhancement, there is nothing for us to decide on appeal.

For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3