United States v. Senese

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand eighteen.

PRESENT:  JOHN M. WALKER, JR.,
          DENNIS JACOBS,
               Circuit Judges,
          KATHERINE B. FORREST,[1]
               District Judge.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          Appellee,

          -v.-                                        17-1041

PETER SENESE,
          Defendant-Appellant,

---

[1] Judge Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

1

**MARIA HENDERSON,**
         **Defendant.**
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                          Paul Camarena, North & Sedgwick;
                                        Chicago, IL.


FOR APPELLEE:                           Aline R. Flodr, Assistant United
                                        States Attorney (Daniel B. Tehrani,
                                        Assistant United States Attorney, on
                                        the brief), for Geoffrey S. Berman,
                                        United States Attorney for the
                                        Southern District of New York; New
                                        York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Peter Senese appeals from a judgment of conviction entered on March 28, 2017 in the United States District Court for the Southern District of New York (Buchwald, J.). Senese pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and one count of conspiring to commit wire fraud, in violation of 18 U.S.C. § 1349. Senese was sentenced principally to 36 months' imprisonment, to be followed by three years of supervised release. On appeal, Senese challenges the imposition of a sentencing enhancement for obstruction of justice, and the calculation of the total offense level. We assume the parties' familiarity with the underlying facts and the procedural history.

Senese was the founding director of the I CARE Foundation ("I CARE"), a purportedly non-profit organization dedicated to preventing child abduction and trafficking. Beginning in November 2013, Senese represented to Dr. Samina Rahman, whose child was abducted to India, that he could return the child to the

United States by enlisting a retired federal judge, teams of international lawyers, and former members of the United States Army component Delta Force, of which Senese claimed to have been a member. Between November 2013 and February 2015, Senese repeatedly told Dr. Rahman that he was in either India or an unspecified remote location, that he was close to recovering the child, and that the child would return to the United States in a matter of hours or days. In exchange for his supposed services, Senese repeatedly elicited funds from Dr. Rahman to cover the expense of the rescue operations, typically $3,000 to $8,000 at a time. In fact, I CARE was a fraud: Senese had not traveled out of the country for years, he had no affiliation with the United States military, and the child was never recovered.

In June 2014, Senese made similar misrepresentations to another victim, whose child had also been abducted to India. Senese requested and received $5,000 from this victim, whose child likewise was never recovered.

The obstruction enhancement was premised on events on the day Senese was arrested and released on bail. That day, on March 31, 2015, he met with Richard Schmidt, a friend, who had previously given Senese a few thousand dollars for Senese's help with divorce and child custody issues; Schmidt secretly recorded the meeting. Senese instructed Schmidt that if law enforcement officials contacted him, Schmidt should falsely claim that the money he had given Senese was repayment of a loan. Senese also instructed Schmidt to close the account from which Schmidt had sent the money to Senese. During their conversation, Senese spoke by phone to a co-conspirator in Canada about altering his websites in light of his arrest. Finally, Senese asked Schmidt to take possession of his laptop computer in the event law enforcement officials returned to Senese's home. Schmidt took the laptop for a few days and returned it to a shed outside Senese's home; the laptop was never recovered.

At sentencing, the Government sought application of an obstruction of justice enhancement pursuant to United States Sentencing Guidelines § 3C1.1, which provides a two-level upward adjustment of the offense level if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. The district

court ruled that § 3C1.1 applied:

> [i]f on the day of his arrest he ask[ed] his neighbor to take possession of his computer, and given that it's reasonable to conclude that there could be relevant information on the computer related to the charged conduct, it would seem to me that the burden can't be on the government to establish that there was material evidence on the computer; rather, in the absence of a convincing submission from the defendant that the laptop contained no relevant information, the obstruction guideline has to apply.

App'x 47. On appeal, Senese argues that the district court improperly placed the burden of proving the facts necessary to support the imposition of the enhancement on the defendant.

"Obstruction of justice enhancements are subject to a mixed standard of review." United States v. Ayers, 416 F.3d 131, 133 (2d Cir. 2005). We "review[] a district court's application of the Guidelines de novo, while factual determinations underlying a district court's Guidelines calculation[s] are reviewed for clear error." United States v. Cramer, 777 F.3d 597, 601 (2d Cir. 2015). However, a procedural error in a sentence may be harmless if "the record indicates clearly that the district court would have imposed the same sentence in any event, . . ." Id. (internal quotation marks omitted); see also United States v. Shuster, 331 F.3d 294, 296 (2d Cir. 2003) ("[G]uideline disputes that would not have affected the ultimate sentence need not be adjudicated on appeal.").

"As to the facts that support the application of a Guideline, the burden of proving such facts is on the government, [and] the standard for proving such facts is a preponderance of the evidence." United States v. Archer, 671 F.3d 149, 161 (2d Cir. 2011). Senese quotes (out of context) the district court's statement that "the burden can't be on the government." App'x 47. However, we need not decide whether the district court improperly shifted the burden of proof because it is clear from the record that any such error would have been harmless.

Before announcing Senese's sentence, the district court stated "that none of the guidelines issues have driven my sentence in any way." App'x 104. Rather,

4

the district court's sentence was driven by the Section 3553(a) factors.  The court found that Senese "has been lying and cheating for decades"; that "while many of his earlier crimes were monetary in nature, the crime charged here is of a totally difference dimension" because "[t]he lies he told were extensive and creative and extremely calculated" and "too numerous to recite"; and that "it is a crime of unspeakable cruelty to repeatedly tell the mother of an abducted child over the course of more than a year . . . that her child would be home soon, and not just soon, but within a specific number of days or hours."  App'x 106-07.  The district court therefore concluded that, "even considering the enhancements to the fraud charges, a guidelines sentence is not sufficient to reflect the seriousness of the offense, to protect the public from further crimes by this defendant, and to provide adequate deterrence."  App'x 107.  Any error in applying the obstruction of justice enhancement was therefore necessarily harmless. See Cramer, 777 F.3d at 601.

Senese also argues, for the first time on appeal, that the district court erred by failing to calculate the total offense level: because the obstruction of justice enhancement generally precludes credit for acceptance of responsibility, see U.S.S.G. § 3E1.1 app. n.4, it is unclear whether the district court calculated a final offense level of 16 or 19.  For reasons discussed above, we need not decide the merits of Senese's argument because the district court explicitly stated that the Guidelines did not drive Senese's sentence, so any purported error was harmless.

We have considered Senese's remaining arguments and conclude that they are without any merit.  The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5