24-1572-cr
*United States v. Goins*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand twenty-five.

PRESENT:
>JOSEPH F. BIANCO,
>MYRNA PÉREZ,
>SARAH A. L. MERRIAM,
>>*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>*Appellee,*

>v.                                                                24-1572-cr

GEORGE GOINS,

>*Defendant-Appellant.*

_____

FOR APPELLEE:                     JOSHUA L. BANKER (Eugenia A.P. Cowles, *on the brief*), Assistant United States Attorneys, *for* Michael P. Drescher, Acting United States Attorney for the District of Vermont, Burlington, Vermont.

FOR DEFENDANT-APPELLANT:     STEPHANIE M. CARVLIN, Law Office of Stephanie Carvlin, New York, New York.

Appeal from a judgment of the United States District Court for the District of Vermont (William K. Sessions, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on May 31, 2024, is **AFFIRMED**.

Defendant-Appellant George Goins appeals from the district court's judgment of conviction following his guilty plea to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a), and possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C). In particular, on June 7, 2022, Goins, armed with a handgun, opened his apartment door to confront an intoxicated neighbor and the gun discharged during a scuffle between them, resulting in the neighbor being hit with a bullet in his neck. Goins then fled the scene, discarded the gun, and was arrested the following day in a hotel room, where he was found to be in possession of approximately 46 bags of fentanyl intended for distribution. The parties' plea agreement stipulated, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a sentencing range of 54 to 90 months' imprisonment. At sentencing, the district court accepted the plea agreement and sentenced Goins principally to 57 months' imprisonment, to be followed by a three-year supervised release term.

On appeal, Goins argues that the district court procedurally erred in determining his advisory range under the United States Sentencing Guidelines ("Guidelines"). In addition, Goins contends that the district court did not adequately explain its reasons for imposing a special condition of supervised release that required him to refrain from consuming alcohol. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. Challenges to the Guidelines Calculation

Goins asserts that the district court procedurally erred in determining his advisory Guidelines range, by: (1) utilizing the cross-reference contained in U.S.S.G. § 2K2.1(c)(1) and calculating his offense level pursuant to U.S.S.G. § 2A2.2(c) for committing an aggravated assault on the victim, even though Goins claimed he acted in self-defense; and (2) making an erroneous factual finding and applying the wrong legal standard in determining that the victim sustained a "serious bodily injury" pursuant to U.S.S.G. § 2A2.2(b)(3)(B).

A sentence is procedurally unreasonable if, *inter alia*, "the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks and citation omitted). We generally review the procedural reasonableness of a sentence for abuse of discretion but, in doing so, we conduct a *de novo* review of the district court's application of the Sentencing Guidelines. *United States v. Solis*, 18 F.4th 395, 401 (2d Cir. 2021).

Moreover, when "the record indicates clearly that the district court would have imposed the same sentence in any event, [a procedural] error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (internal quotation marks and citation omitted). Under this standard, we first look to whether the district court explicitly and unambiguously stated its intent to impose the same sentence regardless of the outcome of any objections to the Guidelines calculation, but our harmlessness analysis does not end there. Because "criminal sentences should not be exempted from procedural review through the use of a simple incantation," *United States v. Darrah*, 132 F.4th 643, 651 (2d Cir. 2025) (internal quotation marks and citation omitted), we examine the entire record in determining harmlessness, including, *inter alia*, the impact of the challenged

enhancements on the Guidelines calculation, the district court's consideration of the Section 3553(a) factors, and whether the district court provided a specific explanation as to "why the same sentence would have been justified, even if the Guidelines range was reduced[,]" *id.* at 652.

Here, based on our review of the record, we conclude that, even assuming *arguendo* that the district court erred in its determination of the advisory Guidelines range, any error was harmless and, thus, we need not review the Guidelines challenges on appeal. *See United States v. Shuster*, 331 F.3d 294, 296 (2d Cir. 2003) ("[G]uideline disputes that would not have affected the ultimate sentence need not be adjudicated on appeal."). As an initial matter, the district court stated explicitly and unambiguously that its sentence would have been the same even if the Guidelines range had been lower. As to the cross-reference to § 2A2.2(c), the court stated: "I did apply the aggravated assault, but frankly if aggravated assault is not to be applied, and the defense's suggestion was to be applied in this case, in light of the total circumstances and, also, in light of the binding plea agreement going for 54 to 90 months, the Court would have arrived at the same level had that separate base offense level been applied." App'x at 120–21. As to the five-level increase for serious bodily injury, the district court likewise stated that "again, even if this was not a serious injury, the Court would have arrived at the same sentence based upon the stipulation of the parties and the total facts in this case." *Id.* at 121.

Importantly, the district court explained the various Section 3553(a) factors that led to its determination of the appropriate sentence, whatever the Guidelines offense level might be. For example, with respect to the nature and circumstances of the offense, the district court emphasized that Goins, having been previously convicted of a felony, brought a loaded gun to "an alcohol-infused confrontation at [his] doorstep" instead of calling the police, which was an "extraordinar[]y aggravating" factor because it was "extraordinarily reckless." *Id.* at 116–17. The district court

4

further noted that, although there was no evidence Goins pulled the gun out with an intention to shoot the neighbor, he "admitted [at the sentencing] that he took the gun out with an idea that he's going to assault the victim with the gun itself." *Id*. at 117. The district court also referenced Goins's criminal history, although noting that some of the convictions were quite old. The district court also considered various mitigating factors, such as Goins's decision to contact law enforcement about surrendering, as well as his ties to the community. Therefore, the district court's discussion of the Section 3553(a) factors made clear that "[it] based the sentence [it] selected on factors independent of the Guidelines." *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016).

Additionally, the parties entered into a stipulated Guidelines range of 54 to 90 months' imprisonment, pursuant to the plea agreement under Rule 11(c)(1)(C), which the district court accepted before imposing sentence. Indeed, although Goins argued that the applicable advisory range was 24 to 30 months' imprisonment under the Guidelines, he acknowledged that, given the binding plea agreement, he was not advocating for a sentence of less than 54 months' imprisonment. *See* App'x at 65 (defense counsel explaining that he was only using the Guidelines range "to argue as to why the [c]ourt should impose a 54-month sentence and no higher than that"). As noted, in explaining why it would have arrived at the same 57-month sentence regardless of the Guidelines calculation, the district court explicitly referenced not only the totality of the record summarized above, but also the stipulated range reached by the parties in the Rule 11(c)(1)(C) plea agreement. *See id*. at 121 (explaining that it "would have arrived at the same sentence [regardless of the contested Guidelines enhancements] based upon the stipulation of the parties and the total facts in this case").

In sum, the record plainly reflects that the district court would have sentenced Goins to 57

months' imprisonment under the Section 3553(a) factors irrespective of the Guidelines calculation. Thus, because any error arising from the district court's calculation of the Guidelines range was harmless, we need not review the substance of those challenges on appeal, and we decline to vacate the sentence on those grounds. *See United States v. Borrego*, 388 F.3d 66, 69 (2d Cir. 2004) ("[T]o require the court to rule on issues which would have no effect on the sentence would merely require performance of a meaningless academic exercise.").

## II.     Challenge to Special Condition of Supervised Release

Although Goins does not challenge the district court's imposition of substance abuse treatment as a special condition of supervised release, he challenges the portion of that condition that requires him to "refrain from the use of alcohol and other intoxicants during and after treatment" (the "Alcohol Condition").[1]  App'x at 214.  More specifically, he argues that "there was nothing in the record from which it can be gleaned why the [d]istrict [c]ourt imposed" the Alcohol Condition.  Appellant's Br. at 36.  We disagree.

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).  A district court may impose special conditions that are reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed to afford adequate deterrence to criminal conduct," "the need to protect the public from further crimes of the defendant," and "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," which "involve no

---

[1]  The substance abuse treatment special condition provides:  "You must participate in substance abuse treatment, which may include a substance abuse assessment with a licensed substance abuse provider, and abide by any programmatic treatment recommendations.  This program may include testing to determine whether you have reverted to the use of drugs or alcohol.  You shall contribute to the cost of services rendered based on ability to pay or the availability of third-party payment.  You must refrain from the use of alcohol and other intoxicants during and after treatment."  App'x at 214.

greater deprivation of liberty than is reasonably necessary" for these purposes. U.S.S.G. § 5D1.3(b); *see also United States v. Myers*, 426 F.3d 117, 123–25 (2d Cir. 2005). Moreover, when determining whether to impose special conditions, "[a] district court is required to make an individualized assessment . . ., and to state on the record the reason for imposing it; the failure to do so is error." *Betts*, 886 F.3d at 202. However, even when the district court does not provide such an explanation, the condition at issue can be upheld "if the district court's reasoning is self-evident in the record." *Id*. (internal quotation marks and citation omitted). Because Goins failed to raise any objection in the district court to the Alcohol Condition, we review the district court's imposition of that condition for plain error.[2] *See United States v. Dupes*, 513 F.3d 338, 343 & n.2 (2d Cir. 2008).

The district court committed error by failing to make the required individualized assessment of the need for the Alcohol Condition, and by failing to explain the basis for that condition on the record. However, we conclude that the district court's failure to state any reasons for imposing the Alcohol Condition, as part of the substance abuse treatment condition, was harmless because its reasoning is "self-evident in the record[,]" and we discern no plain error in that determination under the particular facts of this case. *Betts*, 886 F.3d at 202 (internal quotation marks and citation omitted). As Goins concedes, "the record in this case is replete with evidence that [he] illegally used controlled substances," including that "[he] started using heroin when he was 13 years old," "[h]e had received treatment over the years but had suffered relapses," and "[b]y the time of his arrest in June 2022, he was using 10 to 15 bags of heroin per day." Appellant's

---

[2] Although Goins does not dispute that he failed to raise any objection at sentencing, he contends that we should apply a relaxed plain error standard of review, *see United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002), which would require him to demonstrate only "that there is an error, and that the error is clear and obvious," *United States v. Haverkamp*, 958 F.3d 145, 150 (2d Cir. 2020). We need not decide this issue because, even if we were to apply the more relaxed standard in this context, our decision to affirm the district court's judgment would remain the same for the reasons set forth *infra*.

Br. at 35–36 (internal quotation marks and citation omitted); *see also* Appellant's Reply Br. at 13 (noting the documentation in the record of his "history of drug use, including marijuana, heroin, Dilaudid[,] and his participation in treatment opioid addiction").  Although Goins contends that there was insufficient evidence of past *alcohol* abuse to warrant the Alcohol Condition even in light of his longstanding substance abuse problems, we are unpersuaded.  As part of his long history of drug abuse, there was also evidence in the record of alcohol abuse, such as (1) a 2009 driving-under-the-influence ("DUI") conviction, which involved Goins having a 0.176% Blood Alcohol Concentration, and (2) allegedly violating the conditions of his release in 2014 by being found in possession of an alcoholic beverage and being arrested on suspicion of DUI.[3]

In short, on this record, we conclude that the district court did not plainly err in imposing the Alcohol Condition as part of the requirement of substance abuse treatment, because the condition was reasonably related to Goins's history and characteristics and his need for rehabilitation with respect to his substance abuse problems, and "involve[d] no greater deprivation of liberty than is reasonably necessary" for those purposes.  U.S.S.G. § 5D1.3(b).  Indeed, as we have previously noted, "the imposition of the Alcohol Condition in such circumstances is consistent with the Sentencing Guidelines, which recommends, *inter alia*, 'a condition specifying that the defendant shall not use or possess alcohol' when 'the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol.'"  *United States v. Kyser*, 2024 WL 2175963, at *2 (2d Cir. May 15, 2024) (summary order) (quoting U.S.S.G. § 5D1.3(d)(4)).

---

[3]  Goins had a blood alcohol level of 0.065% at the time of the 2014 arrest; the legal limit in Vermont is 0.08%.  He was also arrested for DUI on April 2, 2022, just two months before the incident underlying the instant conviction.  At the time of the April 2022 DUI arrest Goins tested positive for marijuana, cocaine, methadone, and fentanyl—but not alcohol.  Nonetheless, he has a long record of driving while impaired, further supporting the imposition of the Alcohol Condition.

\*          \*          \*

We have considered Goins's remaining arguments on appeal and conclude that they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court