United States v. Devost

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand fifteen.

PRESENT: JON O. NEWMAN,
         DENNIS JACOBS,
         GUIDO CALABRESI,
                        Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

United States of America,
         Appellee,

         -v.-                                     14-2180

Donovan Devost,
         Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          MARIANNE MARIANO, Federal Public
                        Defender for the Western
                        District of New York, Buffalo,
                        New York.

1

**FOR APPELLEE:**     STEPHAN J. BACZYNSKI, Assistant United States Attorney (for William J. Hochul, Jr., United States Attorney for the Western District of New York), Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, <u>J.</u>)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Donovan Devost appeals from the judgment of the United States District Court for the Western District of New York (Arcara, <u>J.</u>), sentencing him to 92 months' imprisonment for bank robbery in violation of 18 U.S.C. § 2113(a). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Devost argues that the sentence is procedurally unreasonable because (a) the district court made two errors in calculating his criminal history category, and (b) the district court did not adequately explain its reasons for denying his motion for a downward departure, and for selecting a 92-month sentence.

**a.** Devost contends that his state sentence of "conditional discharge" violated state law, and that the district court therefore committed procedural error in relying on this sentence in calculating his criminal history points. Devost's argument is appealing, especially because the government appears to concede that the state-court sentence was imposed in violation of state law. Nevertheless, under binding precedent, a defendant may not use a federal sentencing proceeding to collaterally attack a state-court conviction (unless the state conviction was obtained in violation of the right to counsel). <u>See, e.g.</u>, <u>Custis v. United States</u>, 511 U.S. 485, 497 (1994); <u>United States v. Sharpley</u>, 399 F.3d 123, 126 (2d Cir. 2005). That rule forecloses Devost's argument here, intuitive as it may be.

We now turn to the juvenile confinement issue. The government at oral argument did not seriously contest that there was error on this question, as seems likely.

2

Nevertheless, any error in the district court's application of U.S.S.G. § 4A1.2(d)(2)(A) was necessarily harmless because correcting the error would not change Devost's criminal history category or the applicable guidelines range. United States v. Cramer, 777 F.3d 597, 603 (2d Cir. 2015). There is, moreover, nothing in the record that suggests that the sentencing judge would have imposed a non-guidelines sentence. Accordingly, at this time, it would be inappropriate for us to remand to the district court for a reconsideration of the sentence.

Given the likelihood that state-court error drove the Guidelines calculation in this case, the outcome of this appeal may seem harsh; but it does not leave Devost without recourse.[1]

**b.** Devost also takes issue with the district court's explanation (or lack thereof) for denying his motion for a downward departure and for selecting a 92-month sentence. As to the downward departure, the district court is under no obligation to provide a statement of reasons for refusing to depart downwards. United States v. Lawal, 17 F.3d 560, 563 (2d Cir. 1994). As to the district court's ultimate decision to impose a 92-month sentence (at the bottom of the guidelines range), the explanation was brief but sufficient. The record supports no suggestion that the district court materially misunderstood any fact or law. See, e.g., United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005).

**2.** Devost argues that his 92-month sentence is so long as to be substantively unreasonable. The precise sentence chosen by the district court, if within lawful bounds, is reviewed only for an abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). That highly deferential standard "provide[s] a backstop for those few cases that,

---

[1]    If Devost is successful in first challenging his state sentence of conditional discharge in a state-court proceeding, he could then "apply for reopening of his federal sentence" under 28 U.S.C. § 2255. Daniels v. United States, 532 U.S. 374, 382 (2001); see also Johnson v. United States, 544 U.S. 295, 304 (2005) (describing this procedural path). At that point, of course, any error on the juvenile confinement issue would no longer be harmless as a matter of law, because correcting the error *would* result in a change to the guidelines range.

although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009). The district court did not abuse its discretion in imposing a 92-month sentence, the bottom of the applicable guidelines range.

**\*  \*  \***

For the foregoing reasons, and finding no merit in Devost's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK