17-1654
United States v. Devost

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION
TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED
AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS
COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT
FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX
OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A
PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY
NOT REPRESENTED BY COUNSEL.

        At a stated term of the United States Court of Appeals
for the Second Circuit, held at the Thurgood Marshall United
States Courthouse, 40 Foley Square, in the City of New York,
on the 21st of March, two thousand eighteen.

    PRESENT:
            DENNIS JACOBS,
            RICHARD C. WESLEY,
            DEBRA ANN LIVINGSTON,
                Circuit Judges.
_____

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                    17-1654

DONOVAN DEVOST,
        Defendant-Appellant.

_____

FOR DEFENDANT-APPELLANT:     Marianne Mariano, Federal Public
                             Defender's Office, Western
                             District of New York, Buffalo,
                             NY.

1

**FOR APPELLEE:**                    Mary C. Baumgarten, Assistant
                                    United States Attorney, <u>for</u>
                                    James P. Kennedy, Jr., United
                                    States Attorney for the Western
                                    District of New York, Buffalo,
                                    NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Donovan Devost appeals from a judgment of the United States District Court for the Western District of New York (Arcara, <u>J.</u>) sentencing him to 85 months' imprisonment for bank robbery. <u>See</u> 18 U.S.C. § 2113(a). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Devost's prior appeal challenged the original sentence as procedurally and substantively unreasonable. <u>See</u> <u>United States v. Devost</u>, 609 F. App'x 47 (2d Cir. 2015). We rejected as unavailing the bulk of Devost's arguments, but we acknowledged that the one argument of possible merit amounted to a "collateral[] attack [on] a state-court conviction" that did not concern an alleged "violation of the right to counsel." <u>Id.</u> at 47—48; <u>see</u> <u>United States v. Sharpley</u>, 399 F.3d 123, 126 (2d Cir. 2005). Accordingly, we affirmed Devost's sentence, adding, however, that if Devost "successful[ly] . . . challeng[ed] his state sentence . . . in a state-court proceeding, he could then 'apply for reopening of his federal sentence' under 28 U.S.C. § 2255." <u>Devost</u>, 609 F. App'x at 48 n.1 (quoting <u>Daniels v. United States</u>, 532 U.S. 374, 382 (2001)). Devost subsequently prevailed in state court and reopened his federal sentence.

At resentencing, the criminal history category was reduced by one point, the revised guidelines range was 77 to 96 months, and a within-guidelines term of 85 months was

2

imposed.  The court considered, inter alia, Devost's misconduct in prison to that point, including an incident in which he stabbed a fellow inmate.  See Pepper v. United States, 562 U.S. 476, 503-05 (2011) (noting that a district court resentencing a defendant may consider the defendant's post-sentencing misconduct).  Devost challenges as procedurally and substantively unreasonable the court's reliance on that factor.

**1.** Devost argues that his sentence is procedurally unreasonable because "the district court relied on a single factor"--his misconduct in prison--"to the exclusion of all others."  Appellant's Br. 12.  In particular, Devost argues that the court failed to consider the context of his misconduct in prison (namely, that he was antagonized by other inmates) and his history of mental-health issues. This argument lacks support in the record.

"[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged h[is] duty to consider the [necessary] factors."  United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006), abrogated on other grounds by Rita v. United States, 551 U.S. 338 (2007).  The record makes clear that the court considered the necessary factors, including the particular factors that Devost claims the court ignored.

In articulating its assessment of Devost's misconduct in prison, the court explicitly referenced "the justifications that [Devost's counsel] . . . indicat[ed] may be the reason for those altercations."  App'x 103.  And as to Devost's purported history of mental-health issues, the court stated that it had "carefully considered the factors in 18 U.S.C. § 3553(a)," which include the defendant's personal history and characteristics.  Id. at 102.

A sentencing court is not required to "precisely identify either the factors set forth in § 3553(a) or

3

specific arguments bearing on the implementation of those factors in order to comply with [its] duty to consider [them]."  Fernandez, 443 F.3d at 29 (emphasis removed).  A court's consideration can be "inferred by comparing what was argued by the parties . . . with what the [court] did." Id. (internal quotation marks and citation omitted). The court heard extensive argument regarding Devost's background and mental-health history.  The court's consideration of that history is manifested by the directive that the "commitment order shall reflect that [Devost] should be subject to . . . mental health evaluation when he returns to the Bureau of Prisons." App'x 99; see also id. at 102 ("[T]he Court has considered . . . all the points raised by the defendant [and his] counsel.").  The court's sentencing decision was therefore procedurally reasonable.

**2.** Devost argues that his sentence is substantively unreasonable because the district court relied entirely on his misconduct in prison, and the weight of that "single factor . . . cannot support . . . the 85 month sentence imposed."  Appellant's Br. 12.  This argument is meritless because (as explained above) the district court considered all of the required factors--not just Devost's misconduct.

In any event, the weight accorded any single factor at sentencing "is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable."  United States v. Verkhoglyad, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks omitted).  Nothing in the record suggests that Devost's 85-month sentence--which is seven months shorter than the 92-month sentence we affirmed in his prior appeal--is "unacceptably harsh."  United States v. Friedberg, 558 F.3d 131, 137 (2d Cir. 2009).  This is among "the overwhelming majority of cases [in which] a Guidelines sentence . . . fall[s] comfortably within the broad range of sentences that [are] reasonable."  Id. (internal quotation marks omitted).

4

We have considered Devost's remaining arguments and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court